IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, successor in interest to
AURORA LOAN SERVICES, LLC,

      Plaintiff,

vs.                                                                           No. CIV 15-0627 JB/WPL

MELANIE MILASINOVICH; SUSAN
JACQUES; LEHMAN BROTHERS BANK
FSB; ABC CORPORATIONS I-X; JOHN
DOES I-X; XYZ PARTNERSHIPS I-X; THE
UNKNOWN HEIRS AND DEVISEES OF
ANY OF THE ABOVE, IF DECEASED,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) Defendant Melanie Milasinovich's

Exigent Amended Notice for Removal and Objection to the State Court Hearing, filed July 23,

2015 (Doc. 4)("Second Amended Notice of Removal"); (ii) Plaintiff Federal National Mortgage

Association's Motion to Strike or Remand and for Award of Additional Sanctions, filed August

19, 2015 (Doc. 11)("Motion"); (iii) Defendant Melanie Milasinovich's Petition for Writ of

Mandamus, filed July 31, 2015 (Doc. 9), and Amended Petition for Writ of Mandamus, filed

August 3, 2015 (Doc. 10)(collectively, the "Mandamus Petitions"); (iv) Defendant Melanie

Milasinovich's Motion to Strike, filed September 2, 2015 (Doc. 13)("Motion to Strike"); and (v)

Defendant Melanie Milasinovich's Notice of Motion and Motion to Enjoin the United States,

filed January 21, 2016 (Doc. 52)("Motion to Enjoin").  The Court held a hearing on November

18, 2015.  The primary issues are: (i) whether the subsequent state court proceedings were valid

after Defendant Melanie Milasinovich removed the case to federal court; (ii) whether the Court

should grant Milasinovich's request for a writ of mandamus ordering the state court to halt proceedings; (iii) whether the Court should remand this case to the state court; (iv) whether the Court should grant any of Milasinovich's other requests for relief; (v) whether the Court should award sanctions against Milasinovich for her improper removal; and (vi) whether the Court should impose limitations on Milasinovich's ability to file further removal notices.  First, the Court concludes that the proceedings in state court after Milasinovich filed her removal notices are void, and the Court will vacate the relevant state court orders.  Second, the Court cannot use mandamus to order the state court to take any specific actions.  Third, the Court will remand the case to state court, because Milasinovich's removal notices are defective, untimely, and do not establish, as they must, that the Court has jurisdiction over the case.  Fourth, the Court will deny the Motion to Strike and the Motion to Enjoin; and will leave the other issues for the state court to decide.  Fifth, the Court will grant Federal National Mortgage Association's request for fees and costs because Milasinovich did not have an objectively reasonable basis for removing the case.  Finally, the Court will prohibit Milasinovich from filing further motions in this matter in federal court without express permission from the Chief United States Magistrate Judge for the District of New Mexico.

## FACTUAL BACKGROUND

The Court takes its facts from the Complaint for Foreclosure, filed in state court December 14, 2014, filed in federal court July 20, 2015 (Doc. 1).[1]  On or about October 27, 2005, Milasinovich and co-Defendant Susan Jacques "signed a Note in the principal amount of

---

[1]Document 1 on the Court's docket is a single file that contains Milasinovich's Notice of Removal, filed July 20, 2015 (Doc. 1)("Second Notice of Removal"), as well as the Complaint. Both documents are labeled "Document 1."  The Court will thus use the Complaint's internal numbering instead of the page number on its CM/ECF header.

$412,000.00, which was secured by a Mortgage recorded on October 28, 2005." Complaint ¶ 8, at 3. The mortgage burdened a lot at 422 Mission Road, Santa Fe, New Mexico (the "Property"). Complaint ¶ 6, at 2-3. Milasinovich and Jacques failed to make required payments beginning in August, 2009. See Complaint ¶ 9, at 3. They thus defaulted under the terms of the Note and Mortgage. See Complaint ¶ 9, at 3.

The ensuing litigation has a complicated procedural history. See Aurora Loan Services, L.L.C. v. Milasinovich, No. CIV 14-0575 MCA/KK, (D.N.M.), Memorandum Opinion and Order, filed February 17, 2015 (Doc. 155)("Armijo MOO")("[T]he procedural posture of this case is far from simple.")(quotation omitted). The Court will thus summarize only the portions of the prior state and federal litigation history relevant to the Motion.

On December 14, 2009, Plaintiff Aurora Loan Services, L.L.C. filed a foreclosure action in the state court. See Complaint at 1. The Complaint names two specific individuals -- Milasinovich and Jacques -- as well as Lehman Brothers Bank, FSB, and a variety of unidentified individuals and corporations. See Complaint ¶¶ 2-4, at 1-2. The Complaint alleges one count of judicial foreclosure. See Complaint ¶¶ 5-17, at 2-3. The Complaint seeks, among other forms of relief: (i) at least $412,000.00; (ii) post-filing costs and attorney's fees; (iii) interest from 2009 to the present; (iv) a valid lien on the Property; (v) a declaration that the Mortgage is "not to be subordinate to any right, title, interest, lien, equity, or estate of the Defendants or fictitious defendants"; and (vi) the appointment of a special master to seize and sell the property. See Complaint ¶¶ A-B(14), at 4-6. In May 2013, Fannie Mae overtook the litigation on behalf of Aurora Loan Services, Inc., becoming the plaintiff. See Armijo MOO at 13.

Milasinovich first attempted to remove her case to federal court on June 23, 2014. See

- 3 -

Aurora Loan Services, L.L.C. v. Milasinovich, No. CIV 14-0575 MCA/KK, (D.N.M.), Notice of Removal, filed June 23, 2014 (Doc. 1); Motion ¶ 7, at 4.  The Honorable Christina Armijo, Chief United States District Judge for the District of New Mexico, rejected Milasinovich's attempt to remove the case and remanded it to the state court.  See Armijo MOO at 1.  Chief Judge Armijo first explained that the Complaint does not raise any claims arising under federal law and that Milasinovich's federal defenses were insufficient to invoke federal-question jurisdiction.  See Armijo MOO at 11 (citing Hansen v. Hamer Excavating, Inc., 641 F.3d 1216, 1220 (10th Cir. 2011)(explaining the "well-pleaded complaint rule").  Second, Chief Judge Armijo noted that Milasinovich failed to comply with 28 U.S.C. § 1446(b)'s requirement that she remove the action within thirty days after she received notice that federal jurisdictional requirements were satisfied.  Armijo MOO at 12.  She noted that Milasinovich was aware of Fannie Mae's participation in the case "as early as May of 2013" and that Milasinovich thus filed her notice of removal more than one year after her deadline.[2]  Armijo MOO at 13.  Third, Chief Judge Armijo held that she did not have diversity jurisdiction over the matter, because Milasinovich did not adequately allege the parties' citizenship.  See Armijo MOO at 13-14.  Finally, Chief Judge Armijo noted that, in any case, Milasinovich failed to comply with 28 U.S.C. § 1446(c)(l)'s requirement that she remove the case within one year after the commencement of the action.  See Armijo MOO at 15-16 ("Ms. Milasinovich did not file her notice of removal until June 23, 2014, more than four years later.").  Chief Judge Armijo concluded that Milasinovich "lacked an objectively reasonable basis for removal" because of her delay, and thus awarded attorney's fees to Fannie Mae.  Armijo MOO at 16.

---

[2]This deadline comes from 28 U.S.C. § 1446(c), which requires removal within "1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c).

Proceedings then continued before the Honorable Sarah M. Singleton, District Judge for the First Judicial District, State of New Mexico.  See Order Regarding Jurisdiction in Light of Removal Petition at 3, filed in state court July 27, 2015, filed in federal court August 19, 2015 (Doc. 11-4)("Singleton Order").  Fannie Mae sought to set a status conference to discuss pending motions, but Milasinovich opposed it.  See Motion ¶ 12, at 4-5; Singleton Order at 3.  Judge Singleton set the status conference for July 21, 2015.  See Singleton Order at 3-4.

## PROCEDURAL HISTORY

Milasinovich filed a second notice of removal on July 20, 2015.  See Second Notice of Removal at 1.  Milasinovich first cites "congress 1949" for the proposition that "the second paragraph of the amendment to subsection (b) is intended to make clear that the [r]ight of removal may be exercised at a later stage of the case if the initial pleading does not state a removable case but its removability is subsequently disclosed."  Second Notice of Removal at 1. The Court interprets this argument as a reference to 28 U.S.C. § 1446(b)(3), which creates an exception to § 1446(b)(1)'s general requirement that a defendant remove a case within thirty days of receipt of the initial pleading: "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Section 1446(b)(3)'s legislative history includes Milasinovich's cited language: "The second paragraph of the amendment to subsection (b) is intended to make clear that the right of removal may be exercised at a late state of the case if the initial pleading does not state a removable case but its removability is subsequently disclosed."  H. R. Rep. No. 81-352 (1949), reprinted in 1949 U.S.C.C.A.N. 1254, 1268.

Milasinovich requests the following forms of relief:

A.    the court review the removed case in the nature of a bill of exception

B.    the court invoke article III jurisdiction

C.    the court invoke high court of chancery in chambers in camera upon recognition of a private American national citizen of the united states of American, non-beligerent [sic], not at war.

D.    the court transfer from law to English equity upon recognition of a special private matter for deposit in camera in private chambers

E.    no damages are claimed

F.    injunction for equitable relief against any person coming at the cestui que trust

Second Notice of Removal at 2.

On July 21, 2015, Judge Singleton proceeded with her scheduled status conference. See Singleton Order at 3-4. At the conference, Fannie Mae presented "authorities that showed that in the circumstances presented by this notice of removal the state court might have jurisdiction." Singleton Order at 4. Milasinovich did not appear, but Judge Singleton gave her leave to present authorities in response to Fannie Mae's arguments. See Singleton Order at 4.

On July 23, 2015, Milasinovich filed an amended notice of removal. See Second Amended Notice of Removal at 1. The Second Amended Notice of Removal is difficult to understand, but it appears to object to the Judge Singleton's continued exercise of jurisdiction over the matter. Second Amended Notice of Removal at 1 ("This amended notice comes prior to state court's issuance of ill made order to gain jurisdiction where the court lacked jurisdiction to issue an order as admitted by attorney Mr. Montano.").[3] Milasinovich particularly objects to Judge Singleton's decision to hold a hearing the day after she filed her Second Notice of Removal. See Second Amended Notice of Removal at 2. She again asserts that the Court has

_____

[3]Larry J. Montano represents Fannie Mae in this matter.

diversity jurisdiction, again quoting language related to 28 U.S.C. § 1446(b)(3).  See Second Amended Notice of Removal at 3-4.  Milasinovich also presents extensive argument on the merits of her dispute.  See Second Amended Notice of Removal at 4-8.  She focuses on Fannie Mae's responsibilities under the Home Affordable Modification Program, a federal program designed to help homeowners modify their home mortgage debt in the wake of the subprime mortgage crisis.[4]  See Second Amended Notice of Removal at 4-7.  Milasinovich concludes that "[t]he plain meaning of removal is clear.  Once notice is filed on the State Court the State Court loses jurisdiction."  Second Notice of Removal at 1.

1.      **Judge Singleton's Order.**

Judge Singleton filed an order rejecting Milasinovich's second round of removal notices on July 27, 2015.  See Singleton Order at 1.  The Singleton Order concludes that the state court retained jurisdiction despite Milasinovich's second set of removal notices, because they were clearly frivolous.  See Singleton Order at 1.  First, it looks to state cases holding that state courts may retain jurisdiction where a notice of removal is frivolous.  See Singleton Order at 4-7 (citing McDonald v. Zions First Nat'l Bank, N.A., 2015 COA 29, ¶ 26, 348 P.3d 957, 962; Attig v. Attig, 177 Vt. 544, 548-49, 862 A.2d 243, 249 (2004); Farm Credit Bank of St. Paul v. Rub, 481 N.W.2d 451 (N.D. 1992)).  It acknowledges that other courts have reached the opposite result, but contends that the phrase "proceed no further" in 28 U.S.C. § 1446(d) does not require an immediate halt to all proceedings, because a Supreme Court of the United States of America decision interpreted a predecessor statute with similar language to mean that "proceedings in the

---

[4]See Gerald Korngold, Legal and Policy Choices in the Aftermath of the Subprime and Mortgage Financing Crisis, 60 S.C. L. Rev. 727, 730 (2009)(providing a contemporary account of the subprime mortgage crisis and its effects on homeowners); Financial Crisis Inquiry Commission, The Financial Crisis Inquiry Report (2011), available at http://fcic.law.stanford.edu/report.

state court subsequent to the petition for removal are valid if the suit was not in fact removable." Bell v. Burlington N. R. Co., 1986 OK CIV APP 17, 738 P.2d 949, 954 (quoting Metro. Cas. Ins. Co. v. Stevens, 312 U.S. 563, 566 (1941)).

The Singleton Order concludes that Milasinovich's second round of removal notices is without merit.  See Singleton Order at 10.  Citing the Armijo MOO, it concludes that "Congress did not intend 'to allow a defendant to repeatedly file notices of removal and endlessly delay state court proceedings . . . .  Condoning that type of abuse of process is inconsistent with any notion of fairness and justice[.]'"  Singleton Order at 10 (quoting Farm Credit Bank of St. Paul v. Rub, 481 N.W.2d at 457).

**2.    The Motion.**

Fannie Mae moved to "strike Ms. Milasinovich's notices of removal and/or remand this case back to the State Court, award sanctions against Ms. Milasinovich, and impose limitations on her ability to file further notices of removal in this case in the future" on August 19, 2015. Motion at 2.  First, Fannie Mae contends that the Court should deem the new removal notices "'a legal nullity' *ab initio*" and strike them because they are "frivolous on their face."  Motion at 6-7 (citing Maggio Enterprises, Inc. v. Hartford Cas. Ins. Co., 132 F. Supp. 2d 930, 931 (D. Colo. 2001)(Daniel, J.)).

Second, Fannie Mae contends that the Court should remand the case even if it declines to strike the new removal notices.  See Motion at 7.  It explains that both notices are untimely under 28 U.S.C. § 1446(c)(1), because it did not act in bad faith to prevent Milasinovich from removing the case.  Moreover, it notes that "Milasinovich filed her Second Notices of Removal knowing full well that they were improper."  Motion at 8.

Third, Fannie Mae contends that the Court should prevent Milasinovich from filing

further removal notices without obtaining the Court's leave.  <u>See</u> Motion at 8-9.  It argues that Milasinovich removed the case "knowing full well that the applicable deadlines for removal had long passed, that she had not otherwise cured the deficiencies of the First Notice of Removal, and that she lacked an objectively reasonable basis for filing it."  Motion at 8-9.  It suggests that the Court prevent further removal notices "[i]n the interests of justice, fairness to Fannie Mae, and the preservation of this Court's time and resources." Motion at 9.  It cites several cases supporting its position.  <u>See</u> Motion at 9 (citing <u>Tripati v. Beaman</u>, 878 F.2d 351, 352 (10th Cir. 1989); <u>Ketchum v. Cruz</u>, 961 F.2d 916, 921 (10th Cir. 1992); and <u>Moore v. Jahani</u>, No. CIV.A. 10-CV00425BNB, 2010 WL 1610130, at *2 (D. Colo. Apr. 20, 2010)(Brimmer, J.)).

Finally, Fannie Mae requests that the Court award it costs and expenses under 28 U.S.C. § 1447(c), and sanctions under rule 11 of the Federal Rules of Civil Procedure or under the Court's inherent authority.  <u>See</u> Motion at 9-10.  It states that the absence of an objectively reasonable basis for removal, the Armijo MOO confirms, supports an award of costs and expenses. <u>See</u> Motion at 10.  It further argues that the Court should impose rule 11 sanctions, "[g]iven the egregiousness and lengthy history" of Milasinovich's frivolous filings.  Motion at 10.  It cites to <u>Federal Home Loan Mortgage Corp. v. Pulido</u>, No. C 12-04525 LB, 2012 WL 5199441 (N.D. Cal. Oct. 20, 2012)(Beeler, M.J.), which held that, "absent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11."  Motion at 10 (quoting <u>Fed. Home Loan Mortgage Corp. v. Pulido</u>, 2012 WL 5199441, at *2).

**3.    The Responsive Filings.**

Milasinovich responded to the Motion with a motion to strike rather than with a formal response.   See Motion to Strike at 1.   The Motion to Strike includes fifteen numbered paragraphs, each of which begins with the phrase "is it not true that."   See Motion to Strike ¶¶ 1-15, at 1-3.   It again refers to 28 U.S.C. § 1446(b)(3), but does not specifically allege how the statute applies to the facts.   See Motion to Strike at 1.   It raises numerous other arguments that the Court finds difficult to understand or irrelevant to the issues that the Motion raises, including an accusation that Fannie Mae is a "foreclosure mill[]," that Milasinovich is not a government employee, that she "is not domiciled in the federal zone," that Fannie Mae violated rule 1002 of the Federal Rules of Evidence by not verifying its claim, and that Fannie Mae lacks a "secured claim as defined by 11 U.S.C. § 506(a)."   Motion to Strike at 1-3.   It requests that the Court "strike Plaintiff's pleadings as moot."   Motion to Strike at 3.   Milasinovich followed up on the Motion to Strike with a variety of other filings.[5]

**4.    The Reply.**

Fannie Mae replied on September 18, 2015.   See Reply in Support of Fannie Mae's Motion to Strike or Remand, and for Award of Additional Sanctions, and Response to Related Filings by Ms. Milasinovich, filed September 18, 2015 (Doc. 19)("Reply").   Fannie Mae argues that Milasinovich's "motion to strike and related filings are facially improper, incomprehensible, and devoid of any legitimate factual or legal support, and appear to have been filed solely for the

---

[5]Milasinovich filed five other documents on September 2, 2015.   See Notice Conflict and Variance of Law, filed September 2, 2015 (Doc. 15); Objection, filed September 2, 2015 (Doc. 17); Writ in the Nature of an Affidavit, filed September 2, 2015 (Doc. 18); Reply to Plaintiff's Non Response Doc. 11, filed September 2, 2015 (Doc. 19).   The Court has examined each of these filings and concludes that they are not relevant to the Motion.   It will thus not discuss them in detail for the sake of simplicity.

purpose of harassment or delay."  Reply at 2.  Fannie Mae first notes that rule 12(f) applies only to material contained in a "pleading."  Reply at 2 (citing Ysais v. New Mexico Judicial Standard Comm'n, 616 F. Supp. 2d 1176, 1191 (D.N.M. 2009)(Browning, J.)).  The definition of pleading, it adds, does not include motions, briefs, or memoranda.  See Reply at 3.  Second, Fannie Mae notes that its Motion does not contain "any insufficient defenses or redundant, immaterial, impertinent, or scandalous matters."  Reply at 3 (citing Fed. R. Civ. P. 12(f)).  Third, Fannie Mae attacks the Motion to Strike as a collection of "incomprehensible and irrelevant allegations and arguments" that neither address Milasinovich's timing problems nor explain why the Court should not impose sanctions.  Reply at 4.[6]

**5.      The Hearing.**

On November 6, 2015, the Court informed the parties that it would hold a hearing on November 18, 2015 at 1:30 p.m.  See Notice of Motion Hearing Regarding Docs. 11, 13 and 25, filed November 6, 2015 (Doc. 32).  The Court held a hearing on November 18, 2015.  See Transcript of Hearing at 1:1 (taken November 18, 2015)("Tr.").[7]  Milasinovich failed to appear

---

[6]On October 1, 2015, Milasinovich moved to strike Fannie Mae's Reply.  See Motion to Strike Doc. 22 Plaintiff's Reply as Moot and for Sanctions against Mr. Montano, filed October 1, 2015 (Doc. 25); Memorandum & Authorities Supporting Defendant's Motion to Strike Doc. 22 Plaintiff's Reply as Moot and for Sanctions against Mr. Montano, filed October 1, 2015 (Doc. 26).  The Court will deny this motion, because Fannie Mae's Reply is a not a "pleading" and there are no other reasons to strike the Reply.  See Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps., 2009 WL 5210498, at *1.

Between September 18, 2015, and the hearing on November 18, 2015, Milasinovich made numerous other filings.  See, e.g., Writ of Error and Judicial Notice to District Court Judge, filed October 27, 2015 (Doc. 30); Amended Writ of Error and Judicial Notice, filed November 5, 2015 (Doc. 31); Judicial Notice, filed November 17, 2015 (Doc. 33).  The Court has reviewed these documents, and concludes that Milasinovich's arguments and filings are either not relevant to the Motion or wholly without merit.

[7]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final version may contain slightly different page and/or line numbers.

in person or call in, so the Court contacted her by telephone.  Milasinovich first argued for a continuance, citing "a notice of conflict of variance of law."  Tr. at 5:13-15 (Milasinovich).  Fannie Mae replied that the Motion was "a routine motion to remand a case to state court to strike the notices of removal" and that nothing in Milasinovich's filings justified a continuance.  Tr. at 6:24-5 (Montano).  The Court denied a continuance on the grounds that Milasinovich appeared prepared to proceed.  See Tr. at 8:13-20 (Court).

Fannie Mae first addressed its request that the Court strike Milasinovich's removal notices.  See Tr. at 11:4-16 (Montano).  It explained that Judge Singleton, citing the Armijo MOO's findings, refused to accept Milasinovich's notice of removal.  See Tr. at 11:21-25 (Montano).  It stated that "there is a growing general trend to recognize that if a notice of removal is frivolous on its face as this one is, then a state district court does not have to honor that notice of removal."  Tr. at 13:4-7 (Montano).  It defended Judge Singleton's decision, warning of the "impropriety and the improper conduct that can take place in these notices of removal.  And the harm that they can cause.  Not just with respect to an individual case but the utter lack of respect that certain litigants have for the rule of law." Tr. at 15:18-23 (Montano).  Fannie Mae conceded that it was an "unusual issue" and likely an issue of first impression, but urged the Court to decide it.  Tr. at 16:15-20 (Montano).

Fannie Mae then fell back on its "much more ordinary request" that the Court remand the case to the state court.  Tr. at 16:25-17:4 (Montano).  It argued that remand was appropriate because: (i) Milasinovich did not file within 30 days; (ii) Milasinovich failed to file within one year, despite her "apparent reliance on diversity jurisdiction"; and (iii) Chief Judge Armijo had already reached the legal issues.  Tr. at 17:4-19 (Montano).

Fannie Mae also contended that sanctions are appropriate, noting that Milasinovich

- 12 -

has already had the benefit of one learned Judge in this district reviewing the matter, issuing a lengthy and well reasoned opinion, one that Ms. Milasinovich did not challenge, and that is the standing decision in this case.  And yet she has found it fit to file a second round of removal notices.  Under these circumstances, I think the only thin[g] that will []cause her not to continue this litany of [frivolous] filings is for the Court to instruct her not to in the form of an injunction.

Tr. at 18:2-11 (Montano).

Milasinovich's response appeared to argue that her removal notices were timely under 28 U.S.C. § 1446(b)(3) because Fannie Mae's entry into the case made the case removable for the first time.  See Tr. at 19:7-20:9 (Milasinovich).  She repeated that "the plain meaning of removal is clear, and once notice is filed on the state Court, the state court loses their [sic] jurisdiction," accusing Judge Singleton of holding an "extra jurisdictional hearing."   Tr. at 21:24-22:5 (Milasinovich).  She also mentioned rescission, promissory estoppel, and potential violations of her civil rights.  See Tr. at 20:19-23:2 (Milasinovich).

Fannie Mae responded that "Ms. Milasinovich has made no arguments that would support the denial of my client's motion."  Tr. at 23:13-15 (Montano).  It explained that its late entry as a party did not allow removal, because it occurred well before Milasinovich filed her removal notices.  See Tr. at 23:13-21 (Montano).

The Court then stated its inclination.  See Tr. at 24:1-26:2.  It explained that it was unlikely to decide "whether the state court has proceeded properly in this matter by continuing to have proceedings after the notice of removal was filed."  Tr. at 24:3-9 (Court).  It asserted that the Court of Appeals of New Mexico, the Supreme Court of New Mexico, and ultimately the Supreme Court of the United States were better placed to decide the question.  See Tr. at 24:9-15 (Court).  It noted that, because it did not have mandamus authority over the state court, it would be "kind of rendering an advisory opinion to the state system" and remarked that it is "not an appellate court over the state district courts."  Tr. at 24:15-25:3 (Court).  It explained, however,

that "I will grant the motion to remand largely for the same reasons that Chief Judge Armijo did.

I will also grant the request for fees and costs, and I will try to craft some limitations on Ms.

Milasinovich's ability to file further remand petitioners in this Court."  Tr. at 25:11-16 (Court).

It sketched out the boundaries of these limitations:

> For example, if she has other cases that she needs or wants to bring in Federal
> Court, she can do that, but not this case. She can't remove it to Federal Court
> without perhaps the chief magistrate judges, her going to the magistrate judge and
> seeing if she can file that document.

Tr. at 25:17-23 (Court).[8]

### **LAW REGARDING MOTIONS TO STRIKE UNDER RULE 12(f)[9]**

Rule 12(f) of the Federal Rules of Civil Procedures provides:

> **(f)**  **Motion to Strike.** The court may strike from a pleading an insufficient
> defense or any redundant, immaterial, impertinent, or scandalous matter.
> The court may act:
>
> **(1)**  on its own; or
>
> **(2)**  on motion made by a party either before responding to the
> pleading or, if a response is not allowed, within 21 days
> after being served with the pleading.

---

[8]Milasinovich continued to make voluminous filings after the hearing.  See Defendant's Amended Response to Plaintiff's Motion to Remand as Verified-Expedited Motion for Reconsideration Pending Order to Remand 2.6 Supplemental Jurisdiction -- Conferring, filed December 1, 2015 (Doc. 41); Plaintiff's Motion for Rescission and Enjoinder, filed December 3, 2015 (Doc. 45); Letter from Milasinovich to Judge James Browning, filed December 10, 2015 (Doc. 46); Notice for Petition and Petition for the Merger of Estates with Authorities by *corpus juris decundum and equity maxims*, filed February 23, 2016 (Doc. 55); Notice for Petition and Petition for the Merger of Estates with Authorities by *corpus juris decundum and equity maxims*, filed February 23, 2016 (Doc. 56); Notice for Trustee Appointment, filed February 23, 2016 (Doc. 57).  The Court has reviewed these documents, and concludes that Milasinovich's arguments and filings are either not relevant to the Motion or wholly without merit.

[9]Several amendments to the Federal Rules of Civil Procedure became effective on December 1, 2015.  See Proposed Amendments to the Federal Rules of Civil Procedure, United States Courts (2015).  The Court also heard and decided the Motion under the older rules.  Any differences between the two sets of rules do not, however, alter the Court's decision.

Fed. R. Civ. P. 12(f).  Professors Charles Wright and Arthur Miller have recognized, however, that such motions are not favored and, generally, should be denied:

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.  Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party.

5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d. ed. 2015)(footnotes omitted).  Accord Burget v. Capital W. Sec., Inc., No. CIV 09-1015-M, 2009 WL 4807619, at *1 (W.D. Okla. Dec. 8, 2009)(Miles-LaGrange, J.)(citing Scherer v. U.S. Dep't of Educ., 78 F. App'x 687, 689 (10th Cir. 2003)(unpublished[10])("While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court.")).

---

[10]Scherer v. U.S. Department of Education is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision."  United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Scherer v. U.S. Department of Education; Searcy v. Soc. Sec. Admin., 956 F.2d 278, 1992 WL 43490 (10th Cir. 1998); In re Hopkins, 162 F.3d 1173, 1998 WL 704710 (10th Cir. 1998); Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005); Browning v. Am. Family Mut. Ins. Co., 196 F. App'x 496 (10th Cir. 2010); Jenkins v. MTGLQ Investors, 218 F. App'x 719 (10th Cir. 2007); Watkins v. Terminix Int'l Co., Nos. CIV 96-3053, 96-3078, 1997 WL 34676226 (10th Cir. May 22, 1997); and Sheldon v. Khanal, No. 10-3237, 2012 WL 5860560 (10th Cir. Nov. 20, 2012), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Amended Order.

"Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." Estate of Gonzales v. AAA Life Ins. Co., No. CIV 11-0486 JB/WDS, 2012 WL 1684599, at *5 (D.N.M. May 8, 2012)(Browning, J.)(quoting Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., No. CIV 09-0455 CVE/FHM, 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010)(Eagan, J.)). "The Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." Friends of Santa Fe Cty. v. LAC Minerals, Inc., 892 F. Supp. 1333, 1343 (D.N.M. 1995)(Hansen, J.)(quoting Carter-Wallace, Inc. v. Riverton Lab., Inc., 47 F.R.D. 366, 368 (S.D.N.Y. 1969)(Cannella, J.))(internal quotation marks omitted). Professors Wright and Miller have also commented on what constitutes "immaterial" matter in the context of a motion to strike. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5C Wright & Miller, supra, § 1382 (footnotes omitted). Scandalous allegations are those that degrade a party's moral character, contain repulsive language, or detract from the court's dignity. See Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc., 173 F.R.D. 275, 285 (D. Colo. 1997)(Nottingham, J.).

"Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike." Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps., No. CIV 08-0563 WYD/KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009)(Daniel, J.). Accord Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009)(Browning, J.)("Generally . . . motions, briefs, and

memoranda may not be attacked by a motion to strike.")(citing <u>Searcy v. Soc. Sec. Admin.</u>, 956 F.2d 278, 1992 WL 43490, at *1, *4 (10th Cir. 1998)(unpublished table decision)).  "The Federal Rules of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, 'if the court orders one, a reply to an answer.'"  <u>Ysais v. N.M. Judicial Standard Comm'n</u>, 616 F. Supp. 2d at 1184 (quoting Fed. R. Civ. P. 7(a)).

"Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored."[11]  <u>Estate of Gonzales v. AAA Life Ins. Co.</u>, 2012 WL 1684599, at *5 (quoting <u>Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc.</u>, No. CIV 09-0455 CVE/FHM, 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010)(Egan, J.))(internal quotation marks omitted)).  "The exception to this principle is that a Court may 'choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court.'"  <u>Ysais v. N.M. Judicial Standard Comm'n</u>, 616 F. Supp. 2d at 1184 (citing <u>In re Hopkins</u>, 162 F.3d 1173, 1998 WL 704710, at *3 n.6 (10th Cir. 1998)(unpublished table decision)).

For example, in <u>Skyline Potato, Co., Inc. v. Hi-Land Potato, Co ., Inc.</u>, No. CIV 10-698, 2012 WL 6846386 (D.N.M. Dec. 31, 2012)(Browning, J.), the Court denied a motion to strike a letter filed with the Court, because the letter was not a pleading, and did not pertain to either

---

[11]As the Court explained in a 2012 opinion,

> If the Court struck from the record everything it did not consider on a motion, it would spend a lot of time polishing the record. Also, with the Court being paperless and everything appearing on CM/ECF, it is unclear what the procedural difference in the modern computer world is between striking some information and ignoring it.

<u>Great Am. Ins. Co. v. Crabtree</u>, No. CIV 11-1129 JB/KBM, 2012 WL 3656500, at *18 (D.N.M. Aug. 23, 2012)(Browning, J.).

party's legal defenses or arguments -- the letter expressed one party's position on whether the Court should rule on summary judgment motions pending at the close of a bench trial.  See 2012 WL 6846386, at *6.  Similarly, in Great American Insurance Co. v. Crabtree, No. CIV 11-1129 JB/KBM, 2012 WL 3656500 (D.N.M. Aug. 23, 2012)(Browning, J.), the Court denied a plaintiff's motion to strike exhibits attached to the defendant's motion to dismiss, because they were neither pleadings nor irrelevant.  See 2012 WL 3656500, at *18.  In Applied Capital, Inc. v. Gibson, the Court refused the plaintiff's request to strike a motion to dismiss because rule 12(f) applies only to pleadings and not to a motion to dismiss.  See 2007 WL 5685131, at *18.  In Estate of Anderson v. Denny's, Inc., No. CIV 12-0605 JB/GBW, 2013 WL 690809 (D.N.M. Feb. 7, 2013)(Browning, J.), the Court denied the plaintiff's request to strike a notice of completion of briefing for similar reasons.  See 2013 WL 690809, at *12.

    In Lane v. Page, 272 F.R.D. 581 (D.N.M. 2011)(Browning, J.), the plaintiff filed a motion to strike parts of the defendants' answer because it was "devoid of factual allegations and assert[ed] improper defenses."  272 F.R.D. at 588.  Specifically, the plaintiff argued that the defendants' affirmative defenses should "put the plaintiff on notice of how the defense applies." 272 F.R.D. at 588.  The plaintiff therefore asked the Court not only to strike some of the defendants' answers, but also to "require the Defendants to amend their answers."  272 F.R.D. at 588.  The defendants argued that rule 8 does "not require them to provide factual support for their affirmative defenses" and contended that their answers adequately responded to the plaintiff's complaint.  272 F.R.D. at 588.  The Court "decline[d] to extend the heightened pleading standard the Supreme Court established in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), to affirmative defenses pled in answers,

because the text of the rules, and the functional demands of claims and defenses, militate against requiring factual specificity in affirmative defenses."  272 F.R.D. at 588.

## LAW REGARDING REMOVAL AND REMAND

If a civil action filed in state court satisfies the requirements for original federal jurisdiction -- meaning, most commonly, federal-question or diversity jurisdiction -- the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  See Huffman v. Saul Holdings LP, 194 F.3d 1072, 1076 (10th Cir. 1999)("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court. . . ." (quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996))).  Under 28 U.S.C. § 1331, a federal district court possesses original subject-matter jurisdiction over a case "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### 1.    The Presumption Against Removal.

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome.  See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995); Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001); Bonadeo v. Lujan, No. CIV 08-0812 JB/ACT, 2009 WL 1324119, at *4 (D.N.M. Apr. 30, 2009)(Browning, J.)("Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand.").  The defendant seeking removal must establish that federal court jurisdiction is proper "by a preponderance of the evidence."  McPhail v. Deere & Co., 529 F.3d 947, 953 (10th Cir. 2008).  See Bonadeo v. Lujan, 2009 WL 1324119, at *4 ("As the removing

party, the defendant bears the burden of proving all jurisdictional facts and of establishing a right

to removal.").  Because federal courts are courts of limited jurisdiction, the United States Court

of Appeals for the Tenth Circuit has ruled that "courts must deny such jurisdiction if not

affirmatively apparent on the record."  Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F.

App'x 775, 778 (10th Cir. 2005)(unpublished).  On the other hand, this strict construction and

presumption against removal should not be interpreted as hostility toward removal cases in the

federal courts.  See McEntire v. Kmart Corp., No. CIV 09-0567 JB/LAM, 2010 WL 553443, at

*2 (D.N.M. Feb. 9, 2010)(Browning, J.)(citing Bonadeo v. Lujan, 2009 WL 1324119, at *12

("Strict construction does not mean judicial hostility toward removal. Congress provided for

removal, and courts should not create rules that are at tension with the statute's language in the

name of strict construction.")).

      **2.**     **Procedural Requirements for Removal.**

Section 1446 of Title 28 of the United States Code governs the procedure for removal.

"Because removal is entirely a statutory right, the relevant procedures to effect removal must be

followed."  Thompson v. Intel Corp., No. CIV 12-0620 JB/LFG, 2012 WL 3860748, at *5

(D.N.M. Aug. 27, 2012)(Browning, J.).  A removal that does not comply with the express

statutory requirements is defective and must be remanded to state court.  See Huffman v. Saul

Holdings Ltd. P'Ship, 194 F.3d 1072, 1077 (10th Cir. 1999).  See also Chavez v. Kincaid, 15 F.

Supp. 2d 1118, 1119 (D.N.M. 1998)(Campos, J.)("The [r]ight to remove a case that was

originally in state court to federal court is purely statutory, not constitutional.").

Section 1446(a) of Title 28 of the United State Code provides that a party seeking

removal of a matter to federal court shall file a notice of removal in the district and division

where the state action is pending, "containing a short and plain statement of the grounds for

removal, together with a copy of all process, pleadings, and orders served upon such defendant

or defendants in such action."  28 U.S.C. § 1446(a).  Such notice of removal is proper if filed

within thirty days from the date when the case qualifies for federal jurisdiction.  See Caterpillar

Inc. v. Lewis, 519 U.S. at 68-69; 28 U.S.C. § 1446(b).  The Tenth Circuit has further elaborated

that, for the thirty-day period to begin to run, "this court requires clear and unequivocal notice

from the pleading itself" that federal jurisdiction is available.  Akin v. Ashland Chem. Co., 156

F.3d 1030, 1036 (10th Cir. 1998).  The Tenth Circuit specifically disagrees with "cases from

other jurisdictions which impose a duty to investigate and determine removability where the

initial pleading indicates that the right to remove may exist."  Akin v. Ashland Chem. Co., 156

F.3d at 1036.[12]

---

[12]In 2011, Congress clarified removal jurisdiction and procedures in the Federal Courts Jurisdiction and Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011).  See Thompson v. Intel Corp., No. CIV 12-0620 JB/LFG, 2012 WL 3860748, at *12 n.5 (D.N.M. Aug. 27, 2012)(Browning, J.).

    On December 7, 2011, President Obama signed into law the Federal Courts Jurisdiction and Venue Clarification Act of 2011, which is intended to clarify the operation of federal jurisdictional statutes and facilitate the identification of the appropriate state or federal courts in which actions should be brought [see Pub. L. No. 112-63, 125 Stat. 758 (2011)].

. . . .

    Section 103 also enacts a new subdivision (c) of 28 U.S.C. § 1446, containing provisions governing the procedures for removal. These include new authorization for a notice of removal in a diversity case to assert the amount in controversy if the initial pleading seeks (1) nonmonetary relief, or (2) a money judgment when state practice either does not permit a demand for a specific sum or permits the recovery of damages in excess of the amount demanded. Also part of a new subdivision (c) of 28 U.S.C. § 1446 is a provision allowing removal of a case based on diversity of citizenship more than one year after commencement of the action if the district court finds that the plaintiff acted in bad faith in order to prevent a defendant from removing the action (such as by deliberately failing to disclose the amount in controversy) [Pub. L. No. 112-63, § 103(b), 125 Stat. 758 (2011)].

3.      **Amendment of the Notice of Removal.**

In Caterpillar Inc. v. Lewis, the Supreme Court held that a defect in subject-matter jurisdiction cured before entry of judgment did not warrant reversal or remand to state court.  See 519 U.S. at 70-78.  Citing Caterpillar Inc. v. Lewis, the Tenth Circuit has held that "a defect in removal procedure, standing alone, is not sufficient to warrant vacating judgment and remand to state court if subject matter jurisdiction existed in the federal court."  Browning v. Am. Family Mut. Ins. Co., 196 F. App'x 496, 505-06 (10th Cir. 2010)(unpublished).  In McMahon v. Bunn-O-Matic Corp., 150 F.3d 651 (7th Cir. 1998)(Easterbrook, J.), the United States Court of Appeals for the Seventh Circuit noticed, on appeal, defects in the notice of removal, including that the notice failed to properly allege diversity of citizenship.  See 150 F.3d at 653 ("As it happens, no one paid attention to subject-matter jurisdiction . . . .").  The Seventh Circuit nonetheless permitted the defective notice of removal to be amended on appeal to properly establish subject-matter jurisdiction.  See 150 F.3d at 653-54.

The Tenth Circuit has allowed defendants to remedy defects in their petition or notice of removal.  See Jenkins v. MTGLQ Investors, 218 F. App'x 719, 723 (10th Cir. 2007)(unpublished)(granting unopposed motion to amend notice of removal to properly allege jurisdictional facts); Watkins v. Terminix Int'l Co., Nos. CIV 96-3053, 96-3078, 1997 WL 34676226, at *2 (10th Cir. May 22, 1997)(per curiam)(unpublished)(reminding the defendant that, on remand, it should move to amend the notice of removal to properly allege jurisdictional facts); Lopez v. Denver & Rio Grande W. R.R. Co., 277 F.2d 830, 832 (10th Cir. 1960)("Appellee's motion to amend its petition for removal to supply sufficient allegations of

---

Thompson v. Intel Corp., 2012 WL 3860748, at *12 n.5.

citizenship and principal place of business existing at the time of commencement of this action is hereby granted, and diversity jurisdiction is therefore present.").  The Tenth Circuit has further reasoned that disallowing amendments to the notice of removal, even after the thirty-day removal window had expired, when the defendant made simple errors in its jurisdictional allegations, "would be too grudging with reference to the controlling statute, too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 301 (10th Cir. 1968).  The Tenth Circuit has noted that a simple error in a jurisdictional allegation includes failing to identify a corporation's principal place of business or referring to an individual's state of residence rather than citizenship. See Hendrix v. New Amsterdam Cas. Co., 390 F.2d at 301.  In McEntire v. Kmart Corp., when faced with insufficient allegations in the notice of removal -- allegations of "residence" not "citizenship" -- the Court granted the defendants leave to amend their notice of removal to cure the errors in some of the "formalistic technical requirements." 2010 WL 553443, at *8 (citing Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 300-02 (10th Cir. 1968)).  Further, in Thompson v. Intel Corp., the Court permitted the defendant, Intel Corp., to amend its notice of removal to include missing jurisdictional elements, including evidence that its principal place of business and corporate headquarters -- the center of Intel Corp.'s direction, control, and coordination of activities -- is out of state, so that the diversity requirements were met. See 2012 WL 3860748, at *1.

There are limits to the defects that that an amended notice of removal may cure, however, as Professors Charles Alan Wright and Arthur R. Miller explain:

> [A]n amendment of the removal notice may seek to accomplish any of several objectives: It may correct an imperfect statement of citizenship, state the

previously articulated grounds more fully, or clarify the jurisdictional amount. In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proffered basis of removal, and the court will not, on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon.

14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3733 (4th ed. 2015)(footnotes omitted).    Professor Moore has similarly recognized: "[A]mendment may be permitted after the 30-day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction."  16 J. Moore, D. Coquillette, G. Joseph, S. Schreiber, G. Varo, & C. Varner, Moore's Federal Practice § 107.30[2][a][iv], at 107-317 to -18 (3d ed. 2013).  Thus, where diversity jurisdiction is asserted as a basis for removal of an action to federal court, the district court may permit the removing defendant to amend its removal notice, if necessary, to fully allege facts which satisfy the requirements of diversity jurisdiction by a preponderance of the evidence.

### 4.    Consideration of Post-Removal Evidence.

As the Court explained in Thompson v. Intel Corp., the Tenth Circuit looks to evidence submitted in and after the complaint in determining whether the criteria necessary for removal are met.  See Thompson v. Intel Corp., 2012 WL 3860748, at *8 (citing McPhail v. Deere & Co., 529 F.3d at 956).  The Tenth Circuit explained in McPhail v. Deere & Co. that a district court may consider evidence presented to it after a notice of removal has been filed, even if produced at a hearing on subject-matter jurisdiction, to determine if the jurisdictional requirements are met.  See 529 F.3d at 593.  "[B]eyond the complaint itself, other documentation can provide the basis for determining the amount in controversy -- either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward."  McPhail v. Deere & Co., 529 F.3d at 593 (citing Meridian Secs. Ins. Co. v. Sadowski, 441 F.3d

536, 541-42 (7th Cir. 2006)(Easterbrook, J.), and Manguno v. Prudential Prop. & Cas. Ins. Co.,

276 F.3d 720, 723 (5th Cir. 2002)).  As the Court has explained, "the Seventh Circuit, on which

the Tenth Circuit has heavily relied when addressing the amount in controversy, has recognized

that 'events subsequent to removal may clarify what the plaintiff was actually seeking when the

case was removed.'"  Aranda v. Foamex Int'l, No. CIV 12-0405 JB/ACT, 2012 WL 2923183, at

*18 (D.N.M. July 11, 2012)(Browning, J.)(quoting Carroll v. Stryker Corp., 658 F.3d 675, 681

(7th Cir. 2011)).[13]  Thus, when determining if the requirements for federal jurisdiction are met in

---

[13]The Court has found that the language of McPhail v. Deere & Co., to some extent, conflicts with older Tenth Circuit decisions, but nevertheless defines the scope of evidence a district court may consider when determining its jurisdiction over a matter removed from state court:

> McPhail v. Deere & Co. appears to conflict with the Tenth Circuit's previous decisions in Laughlin v. Kmart Corp. and Martin v. Franklin Capital Corp..  In Laughlin v. Kmart Corp., the Tenth Circuit held that "Kmart's economic analysis of Laughlin's claims for damages prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum does not establish the existence of jurisdiction at the time the motion was made."  50 F.3d at 873.  In Martin v. Franklin Capital Corp., the Tenth Circuit held that the defendant's summary of the allegations and the requested relief "[did] not provide the requisite facts lacking in the complaint." 251 F.3d at 1291.

Aranda v. Foamex Int'l, 2012 WL 2923183, at *15.  The Court explained that, although there is some conflicting precedent within the Tenth Circuit on this matter, in light of the Tenth Circuit's clarification of its precedents in McPhail v. Deere & Co., it is appropriate to consider post-removal evidence to determine whether subject-matter jurisdiction exists.  See Aranda v. Foamex Int'l, 2012 WL 2923183, at *11-12.  Indeed, the Tenth Circuit admitted that its "opinions have not been entirely clear on [this amount-in-controversy] issue," but held that its ruling in McPhail v. Deere & Co. was consistent with the Tenth Circuit's prior holdings and analysis.  McPhail v. Deere & Co., 529 F.3d at 954-55.  Describing its holding in Martin v. Franklin Capital Corp., in which the Tenth Circuit stated that a defendant must "establish the jurisdictional amount by a preponderance of the evidence," the Tenth Circuit said "it would have been more precise to say that the defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play, which the defendants in Martin failed to do."  McPhail v. Deere & Co., 529 F.3d at 955 (emphasis in original).  With respect to Laughlin v. Kmart Corp., the Tenth Circuit clarified that it was "presented with a petition and a notice of removal that both only referred to damages in excess of $10,000."  McPhail v. Deere & Co., 529 F.3d at 955.  Furthermore, the notice of removal in Laughlin v. Kmart Corp. referred only to the removal

a matter removed from state court, a district court may consider relevant evidence submitted after removal.  See Thompson v. Intel Corp., 2012 WL 3860748, at *14 ("[I]t is appropriate to consider post-removal evidence to determine whether subject-matter jurisdiction exists.").

     **5.**     **Consent to Removal.**

     "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  The last-served rule provides that each defendant has a right to remove within thirty days of service.  See 28 U.S.C. § 1446(b)(2)(B).  Remand is required if all of the defendants fail to consent to the petition for removal within the thirty-day period.  See Bonadeo v. Lujan, 2009 WL 1324119, at *6.  "The failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case."  Brady v. Lovelace Health Plan, 504 F. Supp. 2d 1170, 1172-73 (D.N.M. 2007)(Smith, J.)(citing Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981)).

     Courts generally refer to the requirement that all defendants served at the time of filing must join in the notice of removal as the "unanimity rule."  McShares, Inc. v. Barry, 979 F. Supp. 1228, 1342 (D. Kan. 1997)(citations omitted).  The unanimity requirement, however, is excused under two circumstances: "First, a nominal or formal party is not required to join in the

---

statute and "thus no jurisdictional amounts are incorporated into the removal notice by reference to the statue."  Laughlin v. Kmart Corp., 50 F.3d at 873.  Accordingly, although there appears to be some tension between these decisions, because the Tenth Circuit, in McPhail v. Deere & Co., characterized its holding as consistent with its prior decisions, and because McPhail v. Deere & Co. is the Tenth Circuit's most recent, and most thorough, discussion of how to determine the amount in controversy, the Court will focus its analysis on that case.  The Court thus finds that the Tenth Circuit's approach in Laughlin v. Kmart Corp. is "one of the most restrictive approaches to removal" and that the Tenth Circuit has clarified its stance to allow a court to consider post-removal evidence when determining if federal court jurisdictional requirements are met.  Aranda v. Foamex Int'l, 2012 WL 2923183, *16 n.11.

petition for removal.  Second, a defendant who has not yet been served with process is not required to join." Brady v. Lovelace Health Plan, 504 F. Supp. 2d at 1173.

The Tenth Circuit has held that a defendant's consent to removal was not necessary where he had not been served at the time another defendant filed its notice of removal.  See Sheldon v. Khanal, No. 10-3237, 2012 WL 5860560 (10th Cir. Nov. 20, 2012)(unpublished).  In Sheldon v. Khanal, the plaintiff argued that the case should be remanded to state court, because one of the defendants did not join the notice of removal.  See 2012 WL 5860560, at *4.  The Honorable Harris L. Hartz, United States Circuit Judge for the Tenth Circuit, stated: "We reject the argument as contrary to the clear statutory language requiring only served defendants to consent to removal." Sheldon v. Khanal, 2012 WL 5860560, at *4.

The Court has stated: "[W]hile the federal courts strictly construe the removal statutes and there is a presumption against removal, the Court should not use these rules of construction to manufacture rules that Congress did not require, that are not necessary to enforce the statutes, and are contrary to normal federal practice."  Roybal v. City of Albuquerque, No. CIV 08-0181 JB/GBW, 2008 WL 5991063, at *8 (D.N.M. Sept. 24, 2008)(Browning, J.).  "Strict construction and resolving doubts against removal does not mean the courts should be hostile to the Congressionally created right to removal, creating procedural hurdles that Congress did not create and that provide pitfalls for all but the most experienced federal court litigants."  Tresco, Inc. v. Cont'l Cas. Co., 727 F. Supp. 2d 1243, 1255 (D.N.M. 2010)(Browning, J.).

In Tresco, Inc. v. Cont'l Cas. Co., the plaintiff filed suit against defendants National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"), and Continental Casualty Company ("CNA").  See 727 F. Supp. 2d at 1245.  National Union filed a Notice of Removal with the federal court within thirty days of when it was served.  See 727 F. Supp. 2d at

1245.  Its Notice of Removal stated that National Union obtained CNA's consent to removal. See 727 F. Supp. 2d at 1245.  Thus, National Union obtained unanimity.  See 727 F. Supp. 2d at 1245.  The plaintiff moved the Court to remand, arguing that CNA did not indicate its consent by signing the notice of removal or by filing a separate document indicating consent within thirty days of the date that defendant was served.  See 727 F. Supp. 2d at 1245.  The Court denied the motion to remand, holding that neither the statute nor the Tenth Circuit requires a separate signature or signed document to indicate consent.  See 727 F. Supp. 2d at 1245.  The Court concluded that not requiring each defendant to either sign the removal petition or independently submit a notice of consent in writing did not run counter to the principle that removal statutes be strictly construed, with all doubts resolved against removal, because the statute is not ambiguous, but silent.  See 727 F. Supp. 2d at 1255.  The statute does not require the rule that the plaintiff requested.  See 727 F. Supp. 2d at 1255.  The Court concluded that, strictly construing the statute, with no Tenth Circuit law to the contrary, a notice of removal can be effective without individual consent documents from each defendant.  See 727 F. Supp. 2d at 1255.  The Court recognized that federal courts often rely on representations of counsel without requiring separate signed documents and concluded that those representations are sufficient in the removal consent context:

> "[F]ederal courts often rely on the representations of counsel about other parties. . . . [P]arties frequently submit unopposed motions, stating that the other parties do not oppose. Rarely is there any problem, and if there is, a federal court has an abundant reservoir of powers to remedy misrepresentations."  Representations by counsel, signed under rule 11, are sufficient to deal with the primary concern animating the judicial creation of restrictions on removal.

727 F. Supp. 2d at 1250 (quoting Roybal v. City of Albuquerque, 2008 WL 5991063, at *8).

6.       **Cross-Claim Removal.**

While on a clean slate, the phrase "defendant or defendants" could be read to include any party that is defending against a claim -- counter-defendants, cross-defendants, third-party defendants -- the Court does not write on a clean slate.   The Supreme Court has already established that cross-defendants may not remand; there is no valid distinction between cross-defendants, counter-defendants, and third-party defendants for the purposes of 28 U.S.C. § 1441(a).   The Court thus agrees with those courts that have held only original defendants may remove cases under 28 U.S.C. § 1441(a).

> Although Shamrock Oil [& Gas Corp. v. Sheets, 313 U.S. 100 (1941)] is not dispositive of the precise issue before us, it does dictate that the phrase "the defendant or the defendants," as used in § 1441(a), be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the plaintiff asserts claims.   This interpretation of "the defendant or the defendants" is bolstered by the use of more expansive terms in other removal statutes.   Title 28 grants removal power in bankruptcy cases to any "party," see 28 U.S.C. § 1452(a), a broader grant of power that courts have interpreted to extend to third-party defendants.   See Thomas B. Bennett, Removal, Remand, and Abstention Related to Bankruptcies: Yet Another Litigation Quagmire!, 27 Cumb. L. Rev. 1037, 1052-53 (1996-1997)(summarizing bankruptcy cases allowing third-party removal).   Title 28 also allows removal by any "foreign state" against which an action is brought in state court, see 28 U.S.C. § 1441(d), and courts have interpreted that grant to include foreign states that are third-party defendants.   See Jonathan Remy Nash, Pendent Party Jurisdiction Under the Foreign Sovereign Immunities Act, 16 B.U. Int'l L.J. 71, 107 & n.184 (1998)(summarizing cases).   By contrast, § 1441(a)'s grant of removal power is much more limited, instilling a right of removal only in the defendant or the defendants.   See, e.g., Johnston, 134 F. Supp. 2d at 880 (noting that the terms "defendant" and "third-party defendant" "typically are understood as referring to distinct parties"); Knight v. Hellenic Lines, Ltd., 543 F. Supp. 915, 917 (E.D.N.Y. 1982)(concluding that third-party defendant is not a "defendant" as that term is used in § 1441(a)); Friddle v. Hardee's Food Sys., Inc., 534 F. Supp. 148, 149 (W.D. Ark. 1981)("We hold that 1441(a) limits the right to remove to defendants and does not give a right of removal to third-party defendants.").   Thus, construing the removal statute narrowly, we conclude that [cross-defendants] do not have a statutory right of removal pursuant to § 1441(a).

First Nat. Bank of Pulaski v. Curry, 301 F.3d 456, 462-63 (6th Cir. 2002).  "A counterdefendant is not a defendant joined in the original action and therefore not a party that can remove a state action to federal court."  Palisades Collections LLC v. Shorts, 552 F.3d 327, 333 (4th Cir. 2008)(quoting Dartmouth Plan, Inc. v. Delgado, 736 F. Supp. 1489, 1492 (N.D. Ill. 1990)(Hart, J.)).

Moreover, the Supreme Court's reasoning in Shamrock Oil & Gas Corp. v. Sheets that Congress narrowed the statute to include only "defendants" -- and not cross-defendants -- supports finding that cross-defendants generally are not defendants under 28 U.S.C. § 1441(a). See 313 U.S. at 108.  The removal statutes "call[] for . . . strict construction."  313 U.S. at 108. "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."  313 U.S. at 108 (quoting Healy v. Ratta, 292 U.S. at 270)(other citations and internal quotation marks omitted)).  Allowing removal would expand jurisdiction of federal courts in contravention of the strictly construed statutory limits on the right to removal.

> Congress has shown the ability to clearly extend the reach of removal statutes to include counter-defendants, cross-claim defendants, or third-party defendants, see 28 U.S.C. § 1452(a) (West 2006) ("A party may remove any claim or cause of action . . . [related to bankruptcy cases]."   (emphasis added)).   In crafting § 1441(a), however, Congress made the choice to refer only to "the defendant or the defendants," a choice we must respect.

Palisades Collections LLC v. Shorts, 552 F.3d at 333-34.  The Court thus concludes that, under Shamrock Oil & Gas Corp. v. Sheets, cross-defendants generally are not "[a] defendant or defendants" within the meaning of 28 U.S.C. § 1441(a).

**7.      Costs and Expenses.**

28 U.S.C. § 1447(c) allows the court to "require payment of just costs and actual expenses including attorney's fees, incurred as a result of the removal."  The plaintiff need not

show that the Defendants acted in bad faith to win attorney's fees.  See Topeka Hous. Auth. v. Johnson, 404 F.3d 1245, 1248 (10th Cir. 2005).  It is necessary only to show that the removal was improper ab initio.  See Suder v. Blue Circle, Inc., 116 F.3d 1351, 1352 (10th Cir. 1997).

The Court awarded costs and expenses under 28 U.S.C. § 1447(c) in New Mexico ex rel. Balderas v. Valley Meat Co., LLC, No. CIV 14-1100 JB/KBM, 2015 WL 3544288 (D.N.M. May 20, 2015)(Browning, J.), a dispute over horse slaughter for human consumption.  See 2015 WL 3544288, *27.  In that case, D'Allende Meats, LLC attempted to remove the case despite its non-defendant status, failed to obtain affirmative consent from any defendants, cited civil-rights jurisdiction as a basis for removal, and changed its position at the hearing to rest on frivolous field preemption and dormant Commerce Clause arguments.  See 2015 WL 3544288, at *26. The Court concluded that its actions were objectively unreasonable: "Failure on any one of these bases would, on its own, justify remand. Whiffing on all four warrants the imposition of costs and fees."  2015 WL 3544288, at *27.  The Court later confirmed its initial ruling on D'Allende Meats, LLC's motion for reconsideration.  See New Mexico v. Valley Meat Co., LLC, No. CV 14-1100 JB/KBM, 2015 WL 9703255, at *16 (D.N.M. Dec. 14, 2015)(Browning, J.).

In Mach v. Triple D Supply, LLC, 773 F. Supp. 2d 1018 (D.N.M. 2011)(Browning, J.), on the other hand, the Court denied the plaintiffs' request for costs and expenses.  See 773 F. Supp. 2d at 1053.  The third-party defendant argued that it could remove the cross-claims because they were a separate civil action under 28 U.S.C. § 1441(a).  See 773 F. Supp. 2d at 1040.    Although the Court rejected this argument and remanded the cross-claims, it acknowledged that: (i) it had recognized separate civil actions within a single case in another recent opinion; and (ii) that "there is some authority that parties other than traditional defendants can remove."   773 F. Supp. 2d at 1053.  It thus concluded that the third-party defendant "was

wrong on some arguments, but that it did not lack an objectively reasonable basis for its arguments."  773 F. Supp. 2d at 1053.

## LAW REGARDING FILING RESTRICTIONS

"The right of access to the courts is neither absolute nor unconditional."  Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989).  "Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate activities of abusive litigants by imposing carefully tailored restrictions if circumstances warrant."  Keyter v. 535 Members the 110th Congr., 277 F. App'x 825 (10th Cir. 2008)(citing Winslow v. Hunter, 17 F.3d 314, 315 (10th Cir. 1994)).  Restrictions are appropriate where "where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented."  Keyter v. 535 Members of 110th Cong., 277 F. App'x at 827.  See Tripati v. Beaman, 878 F.2d 351, 354 (10th Cir. 1989)("[I]njunctions are proper where the litigant's abusive and lengthy history is properly set forth.").  An injunction without limitations, however, impermissibly leaves permission to file "completely to the whim of the court."  Tripati v. Beaman, 878 F.2d at 354.  See Landrith v. Schmidt, 732 F.3d 1171, 1175 (10th Cir. 2013); McMurray v. McCelmoore, 445 F. App'x 43, 46 (10th Cir. 2011); French v. Am. Airlines, Inc., 427 F. App'x 666, 668 (10th Cir. 2011); Judd v. Univ. of New Mexico, 149 F.3d 1190 (10th Cir. 1998); United States v. Kettler, 934 F.2d 326 (10th Cir. 1991).

The Court applied these principles in Clark v. Meijer, Inc., 376 F. Supp. 2d 1077 (D.N.M. 2004)(Browning, J.).  In that case, pro se plaintiffs filed a series of five similar complaints in both state and federal courts against a grocery store chain.  See 376 F. Supp. 2d at 1080.  Despite a decision dismissing their claims for lack of personal jurisdiction by the Honorable James A.

Parker, Senior United States District Judge for the District of New Mexico, the plaintiffs re-filed

the same claims in the same district roughly one year later.  See 376 F. Supp. 2d at 1086.  The

Court noted that the plaintiffs' allegations appeared to be "an attempt to harass the Meijer

Defendants and to cause a needless increase in the cost of litigation for a matter that other courts

have already adjudicated, in whole or part, on five previous occasions."  376 F. Supp. 2d at 1086.

The Court entered an order "preventing the Clarks from filing any legal proceedings . . . against

any named Meijer Defendant unless a licensed attorney admitted to practice before this Court

signs the pleading or they first obtain permission to proceed pro se."  376 F. Supp. 2d at 1087.

Specifically, it required the following process:

> To obtain permission to proceed pro se against the Meijer Defendants named
> herein, the Clarks must take the following steps:
>
> 1. File a petition with the Clerk of the Court requesting leave to file a pro se
> original proceeding against the Meijer Defendants.
>
> 2. File with the Clerk a notarized affidavit, in proper legal form, which recites the
> issues they seek to present, including a short discussion of the legal right asserted
> and why the Court has personal jurisdiction over the Meijer Defendants.  The
> affidavit must certify, to the best of the Clarks' knowledge, that the legal
> arguments being raised are not frivolous or made in bad faith, that they are
> warranted by existing law or a good faith argument for the extension,
> modification, or reversal of existing law, that the new suit is not interposed for
> any improper purpose such as delay or to needlessly increase the cost of litigation,
> and that they will comply with all Federal and local rules of this Court.  The
> affidavit must certify why the proposed new suit does not present the same issues
> decided twice by the Court and why another suit against the Meijer Defendants
> would not be an abuse of the system.
>
> The Clarks shall submit these documents to the Clerk of the Court, who shall
> forward them to the Honorable Lorenzo F. Garcia, Chief United States Magistrate
> Judge, for review to determine whether to permit a pro se original proceeding.
> Without Judge Garcia's approval, and the concurrence of the assigned Article III
> Judge, the Court will dismiss the action.  If Judge Garcia approves the filing, he
> shall enter an order indicating that the new proceeding shall proceed in
> accordance with the Federal Rules of Civil Procedure.
>
> The Plaintiffs shall have ten days from the date of this order to file written
> objections, limited to fifteen pages, to these proposed sanctions.  If the Clarks do

> not file objections, the sanctions shall take affect twenty days from the date of this order. The filing restrictions shall apply to any matter filed after that time. If the Plaintiffs timely file objections, these sanctions shall not take effect until the Court has ruled on the objections.

376 F. Supp. 2d at 1087-88.

The Court imposed similar sanctions in <u>Stewart v. Shannon</u>, No. CIV 12-0560 JB/KBM, 2012 WL 4950865 (D.N.M. Sept. 24, 2012)(Browning, J.). In that case, an inmate plaintiff brought "repetitive and abusive" actions against a physician, accusing him of malpractice and sexual assault. 2012 WL 4950865, at *2. The Court imposed a similar order on the plaintiff:

> Stewart's Complaint is dismissed with prejudice; and Plaintiff Darryl Stewart is hereby notified of the following proposed filing restrictions: Stewart will be enjoined from making further filings in this case except objections to this order and a notice of appeal from a final order, and the Clerk will be directed to return without filing any submissions in this case other than objections and a notice of appeal; Stewart will also be enjoined from initiating further actions in this Court related to the subject matter of this complaint or asserting claims against Defendant Doctor William Shannon unless a licensed attorney admitted to practice in this Court signs the initial pleading or unless Stewart first obtains permission to proceed pro se; to obtain permission to proceed pro se, Stewart must take the following steps:
>
> 1. File a petition requesting leave to file a complaint or to proceed pro se;
>
> 2. Include in or with the petition the following:
>
> A. A list of all lawsuits currently pending or filed previously with the Court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the case;
>
> B. A list of all outstanding injunctions or orders limiting Stewart's access to federal court, including orders and injunctions requiring him to seek leave to file matters pro se or requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and
>
> C. A notarized affidavit, in proper legal form, which recites the claims Stewart seeks to present, including a short discussion of the legal basis asserted therefor. The affidavit also must certify that, to the best of Stewart's knowledge, the claims being raised are not frivolous or made in bad faith, but are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the complaint is not interposed for any improper purpose such

as delay or to needlessly increase the cost of litigation; and that he will comply with all federal and local rules of this court.

*See Tripati v. Beaman,* 878 F.2d 351, 353–354 (10th Cir. 1989)(holding that a district court can place filing restrictions on plaintiffs, but the plaintiff is "entitled to notice and an opportunity to oppose the court's order before [they are] instituted."). The Court will direct the Clerk to return to Stewart without filing a proposed initiating pleading described above that counsel has not signed or any petition that does not contain the items listed in paragraphs 1, 2(A), (B), (C) hereinabove. If the petition or proposed pleading is not returned, the Clerk will open a case and forward Stewart's filings to the assigned Judge to review and determine whether to permit Stewart to proceed on his proposed pro se complaint. The Court may summarily dismiss a petition and proposed pleading that Stewart submits if any of the required information is missing, in an improper form, untimely, or insufficient under paragraph (2)(c)) above. The Court also may scrutinize, *sua sponte* under 28 U.S.C. §§ 1915(e)(2), 1915A, and rule 12(b)(6) of the Federal Rules of Civil Procedure, a proposed pleading described above.

Within fourteen (14) days from entry of this order, Stewart may file written objections to these proposed filing restrictions; the restrictions will take effect only upon further order of the Court.

2012 WL 4950865, at *2-3.  See Elliott v. GEICO, No. CIV-06-0234 JB/ACT, 2007 WL 5231711, at *9 (D.N.M. Aug. 7, 2007)(Browning, J.)(imposing similar restrictions).  "We emphasize that the district court's discretion in tailoring appropriate conditions under which Mr. Tripati may commence and prosecute future lawsuits is extremely broad and that we will not disturb that court's choice of requirements absent abuse of that discretion." Tripati v. Beaman, 878 F.2d at 354.

## LAW REGARDING MANDAMUS RELIEF

28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  "Mandamus is the traditional writ designed to compel government officers to perform nondiscretionary duties." Simmat v. United States Bureau of Prisons, 413 F.3d 1225, 1234 (10th Cir. 2005).  "No relief against state officials or state agencies is afforded by § 1361." Amisub (PSL), Inc. v. Colo. Dep't of Soc. Servs., 879

F.2d 789, 790 (10th Cir. 1989).  See Stevens v. Sheriff of El Paso County, Colo., No. 00–1451,

15 Fed. App'x. 740, 742 (10th Cir. 2001)(holding that "a federal district court is without

jurisdiction under section 1361 to compel state officials to perform any duty owed to a plaintiff

under state law").

## ANALYSIS

The Court concludes that the state court proceedings after Milasinovich's removal notices

are void and thus vacates them.  It does not do so, however pursuant to any mandamus authority.

The Court concludes that Milasinovich's removal notices were untimely and will thus remand

the case to the state court.  The Court will deny Milasinovich's request for a writ of mandamus,

her attempt to strike portions of Fannie Mae's arguments, and her request that it enjoin the

United States.  It will leave the other issues for the state court to decide.  The Court will grant

Fannie Mae's request for fees and costs, because Milasinovich had no objectively reasonable

basis for removal.  Given Milasinovich's lengthy and abusive litigation history, the Court will

also enter an order prohibiting Milasinovich from making additional filings in this matter without

satisfying several requirements.

**I.     THE COURT WILL VACATE STATE COURT PROCEEDINGS AFTER MILASINOVICH'S REMOVAL NOTICE, BECAUSE JUDGE SINGLETON LACKED JURISDICTION.**

The current removal statute provides that, upon a filing of a notice of removal, "the State

court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).  As a

general rule, "a state court adjudication, while a removal petition is pending in federal court, is

void, even if the federal court subsequently determines that the case is not removable."  Farm

Credit Bank of St. Paul v. Rub, 481 N.W.2d at 456.  Fannie Mae invites the Court to "recognize

an exception to the general rule that would allow state district courts to retain jurisdiction of a

case when a notice of removal has been filed that is <u>frivolous on its face</u>."  Tr. at 15:12-17

(Montano)(emphasis added).  It suggests that the Court recognize this exception by striking

Milasinovich's removal notices as a "legal nullity."  Motion at 6-7.

This issue has sparked arguments and disagreement for more than a century.  The original

removal statute, passed in 1886, provided that a defendant could file a removal petition in state

court, requesting removal

> of the cause as against him into the next Circuit Court of the United States to be
> held in the district where the suit is pending, . . . and it shall thereupon be the duty
> of the State court . . . to proceed no further in the cause as against the defendant so
> applying for its removal.

<u>Yulee v. Vose</u>, 99 U.S. 539, 540-41 (1878).   The Supreme Court repeatedly interpreted this

provision to allow state courts to retain jurisdiction until a defendant presented a facially valid

case for removal.  See <u>Stone v. State of S. Carolina</u>, 117 U.S. 430, 432 (1886)("[T]he state court

is at liberty to determine for itself whether, on the face of the record, a removal has been

effected."); <u>Yulee v. Vose</u>, 99 U.S. at 545 (1878)("[T]he State court was not bound to surrender

its jurisdiction until a case had been made which, upon its face, gave Yulee a right to the

transfer.").  In 1941, the Supreme Court repeated the rule that state courts retain jurisdiction until

a defendant presents a facially valid case for removal in <u>Metropolitan Casualty Insurance Co. v.</u>

<u>Stevens</u>.  In that case, a defendant argued that "the petition for removal when filed in the state

court deprived that court of power to proceed with the cause, at least until the federal court had

passed upon the question of removability."  312 U.S. at 565.  The Supreme Court rejected this

theory, instead holding that "proceedings in the state court subsequent to the petition for removal

are valid if the suit was not in fact removable."  312 U.S. at 566.  At least one Court of Appeals

adhered to this rule in 1950, applying the 1947 version of the same statute.  See <u>Victory Cabinet</u>

<u>Co. v. Ins. Co. of N. Am.</u>, 183 F.2d 360, 361 (7th Cir. 1950)(applying 28 U.S.C. § 72 (1947)).

In 1948, a revision of the Judicial Code moved the relevant removal provisions into the new 28 U.S.C. § 1446. See State of S.C. v. Moore, 447 F.2d 1067, 1073 (4th Cir. 1971). The new provision required defendants to file removal petitions in federal court, rather than state court. See 447 F.2d at 1073. The provision's language took its modern form, which commands that compliance with these filing requirements "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(e) (1948).

Courts then split on the removal provision's proper interpretation. Many state courts concluded that the changes to 28 U.S.C. § 1446 left the Supreme Court's decision in Metropolitan Casualty Insurance Co. v. Stevens intact.[14] These courts have recognized Fannie Mae's proposed "narrow exception" to the general rule that state courts immediately lose jurisdiction when a party removes the case. McDonald v. Zions First Nat'l Bank, N.A., 2015 COA 29, ¶ 26, 348 P.3d at 962. See Attig v. Attig, 2004 VT 80, ¶ 23, 177 Vt. 544, 548-49, 862 A.2d 243, 249 (2004)("[B]ecause father's removal attempt was without merit and was made in deliberate violation of statutory requirements, we conclude that it was legally ineffective and, therefore, did not deprive the state courts of jurisdiction."); Astoria Fed. Sav. & Loan Ass'n/Fid. New York FSB v. Lane, 64 A.D.3d 454, 456, 883 N.Y.S.2d 473, 475 (2009)(recognizing exception under the "unique circumstances of this case, where the federal court found the removal petition to be frivolous on its face and where it was made in bad faith at the eleventh hour"); Farm Credit Bank of St. Paul v. Rub, 481 N.W.2d 451, 456 (N.D. 1992)("[A] few courts have concluded that, under current law, a state court decision, while a removal petition is pending in federal court, is not void if the federal court subsequently determines the case is not

---

[14]At least one federal district judge has agreed. See Stephens v. Am. Home Assur. Co., 811 F. Supp. 937, 956 (S.D.N.Y. 1993)(Martin, J.)(allowing state court judgments rendered after remand to survive a successful appeal of remand), vacated on other grounds by Stephens v. Nat'l Distillers & Chem. Corp., 70 F.3d 10 (2d Cir. 1995).

removable."); <u>Bell v. Burlington N. R. Co.</u>, 1986 OK CIV APP 17, 738 P.2d 949, 954 (holding that proceedings and judgment in a state court after a removal notice were valid because the federal court never acquired jurisdiction).   In <u>Bell v. Burlington N. R. Co.</u>, for example, the Court of Appeals of Oklahoma noted that both the old statute -- 28 U.S.C. § 72 -- and the new statute -- 28 U.S.C. § 1446 -- order the state court to "proceed no further."   1986 OK CIV APP 17, 738 P.2d at 954.   Given that Congress would have been aware of the Supreme Court's decision in <u>Metropolitan Casualty Insurance Co. v. Stevens</u> and chose not to revise the language, the Court of Appeals of Oklahoma concluded, Congress did not intend to alter the existing law. <u>See</u> 1986 OK CIV APP 17, 738 P.2d at 954.

The Supreme Court of North Dakota dealt with a similar situation in <u>Farm Credit Bank of St. Paul v. Rub</u>, where a pro se defendant in a foreclosure action filed a second removal notice with no legal merit.  <u>See</u> 481 N.W.2d at 454.  The state court ignored the second removal notice and held a bench trial resulting in a judgment against the defendant.  <u>See</u> 481 N.W.2d at 454. The Supreme Court of North Dakota then rejected the defendant's argument that the state court lacked jurisdiction:

> When the federal court has previously remanded a notice of removal and subsequently denies a second notice of removal by the same party which is based on the same ground, the state court retains jurisdiction. . . .  We do not believe Congress intended to allow a defendant to repeatedly file notices of removal and endlessly delay state court proceedings.  Condoning that type of abuse of process is inconsistent with any notion of fairness and justice and undermines the purpose of the federal and North Dakota rules of procedure "to secure the just, speedy, and inexpensive determination of every action."  Rule 1, Fed. R. Civ. P.; Rule 1, N.D. R. Civ. Proc.

481 N.W.2d at 457 (citation omitted).

Most federal courts and many state courts, however, have disagreed, holding that a federal court immediately gains exclusive jurisdiction upon removal.  The United States Court of Appeals for the Fourth Circuit set out these courts' basic rationale in <u>State of South Carolina v.</u>

Moore.  See 447 F.2d at 1073.  The Fourth Circuit explained that the change from 28 U.S.C. § 72

to 28 U.S.C. § 1446 overruled Metropolitan Casualty Insurance Co. v. Stevens, because

> § 1446, in providing for the filing of the petition in the district court while
> promptly thereafter filing a copy in the state court and giving notice to adverse
> parties was designed to make the removal effective by the performance of those
> acts.  The removal was no longer dependent upon any judicial act in any state or
> federal court.  The new procedure effectively reversed the premise underlying the
> Metropolitan [Casualty Insurance Co. v. Stevens] rule.

State of South Carolina v. Moore, 447 F.2d at 1073.  The Fourth Circuit acknowledged the

potential danger of abuse, but noted that Congress was the appropriate body to provide a remedy.

See 447 F.2d at 1074.  It thus held that "any proceedings in the state court after the filing of the

petition and prior to a federal remand order are absolutely void, despite subsequent determination

that the removal petition was ineffective."  447 F.2d at 1073.

Other courts have reached a similar result based on 28 U.S.C. § 1446(d)'s plain language.

In United States ex rel. Echevarria v. Silberglitt, 441 F.2d 225 (2d Cir. 1971), for example, a

state criminal defendant filed a petition to remove his case to federal court.  See 441 F.2d at 225.

He later challenged the state court's decision to proceed with the prosecution, arguing that the

removal deprived the state court of jurisdiction.  See 441 F.2d at 226.  The United States Court

of Appeals for the Second Circuit agreed with the defendant, noting that "[t]he language of 28

U.S.C. § 1446(e) could not be clearer."  441 F.2d at 227.

> Because § 1446(d) explicitly states that "the State court shall proceed no further"
> once removal is effected . . . we agree with the Defendants that the statute
> deprives the state court of further jurisdiction over the removed case and that any
> post-removal actions taken by the state court in the removed case action are void
> *ab initio.*

Ackerman v. ExxonMobil Corp., 734 F.3d 237, 249 (4th Cir. 2013).  See California ex rel.

Sacramento Metro. Air Quality Mgmt. Dist. v. United States, 215 F.3d 1005, 1011 (9th Cir.

2000)("The removal of an action to federal court necessarily divests state and local courts of

their jurisdiction over a particular dispute."); Maseda v. Honda Motor Co., 861 F.2d 1248, 1254 (11th Cir. 1988)("[A]fter removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case."); Kane v. St. Raymond's Roman Catholic Church, No. 14-CV-7028 AJN, 2015 WL 4270757, at *3 (S.D.N.Y. July 13, 2015)(Nathan, J.)("Under 28 U.S.C. § 1446(d), all state-court proceedings must cease once a notice of removal has been filed, unless and until the action is remanded to the state court.").

Many of these courts have expressly ruled out the sort of exception that Fannie Mae asks the Court to adopt here.  See Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 9 n.23 (1st Cir. 2004)(holding that the district court lacked jurisdiction, but affirming its conclusion that the state supreme court lacked authority to enter an order after removal); In re Diet Drugs, 282 F.3d 220, 232 n.6 (3d Cir. 2002)("[E]ven if a case is later remanded, it is under the sole jurisdiction of the federal court from the time of filing until the court remands it back to state court."); Bowman v. Weeks Marine, Inc., 936 F. Supp. 329, 331 n.1 (D.S.C. 1996); 38 A.L.R. Fed. 824 (listing state cases holding that state courts "could not ignore allegedly deficient removal petitions"); 14C Wright & Miller, supra, § 3736 ("According to a significant number of decided cases . . . any post-removal proceedings in the state court are considered coram non judice and will be vacated by the federal court even if the removal subsequently is found to have been improper and the case is remanded back to that state court.")(footnotes omitted).  Some litigants have even filed unsuccessful suits against state judges for entering orders without jurisdiction.  See Antelman v. Lewis, 480 F. Supp. 180, 184 (D. Mass. 1979)(Keeton, J.)(concluding that state judge erred, but had absolute immunity).

The Tenth Circuit has not yet decided this issue, although district courts have considered it.  Two of these cases did not recognize and exception.  See Bruley v. Lincoln Prop. Co., N.C.,

140 F.R.D. 452, 453 (D. Colo. 1991)(Babcock, J.)("Removal of a state action to federal court immediately divests the state court of jurisdiction.  28 U.S.C. § 1446.  Once a case has been removed from state court, I must apply the Federal Rules of Civil Procedure and treat the case as though it were originally commenced here."); Vigil v. Mora Indep. Sch., 841 F. Supp. 2d 1238, 1240-41 (D.N.M. 2012)(Hansen, J.).  In Vigil v. Mora Independent Schools, for example, the state magistrate court held a hearing despite the defendant's decision to remove the case.  See 841 F. Supp. 2d at 1240.  The Honorable C. Leroy Hansen, Senior United States District Judge for the District of New Mexico, held that the state hearing was "void *ab initio*," adding that "the party who removed the case is not obligated to appear in state court and litigate the suit on the merits if the state court exercises jurisdiction in defiance of the removal."  841 F. Supp. 2d at 1240-41.

One other opinion is in some tension with the general federal rule.   In Direct Mortgage Corp. v. Keirtec, Inc., 478 F. Supp. 2d 1339 (D. Utah 2007)(Cassell, J.), one defendant filed a removal notice, but then "stood silently by while parties filed substantive pleadings in the state court and the state court judge issued orders."  478 F. Supp. 2d at 1340.  This deliberate inaction, Judge Cassell noted, allowed the defendant

> to potentially reap simultaneous benefits from both state and federal court.  By failing to advise this court that action was continuing at the state court level after the removal, Landsafe has essentially tried to "play both sides of the fence." Landsafe was able to sit by and observe the state court proceedings, gain insight into the plaintiff's and co-defendants' claims, and watch the other parties utilize their resources. . . .  Landsafe cannot have it both ways. If the state court had made rulings unfavorable to Landsafe, Landsafe certainly would have objected. Landsafe cannot quietly and idly let the state court action proceed, while waiting to see if a ruling of the state court will affect it favorably.

478 F. Supp. 2d at 1341.  Judge Cassell thus held that the defendant "effectively consented to the state court's jurisdiction" and remanded the case without disturbing any of the state court's rulings.  478 F. Supp. 2d at 1341-42.

The Court concludes that Judge Singleton could not enter orders in this case after Milasinovich filed her removal notices for four primary reasons.  First, the Court agrees with the Second Circuit that "[t]he language of 28 U.S.C. § 1446([d]) could not be clearer."  United States ex rel. Echevarria v. Silberglitt, 441 F.2d at 227.  The provision is unequivocal:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d).  The language does not permit courts to consider the removal notice's strength.  It describes an automatic removal process that is "no longer dependent upon any judicial act in any state or federal court."  State of South Carolina v. Moore, 447 F.2d at 1073. Despite its use of a phrase from the removal statute's predecessors, see Bell v. Burlington N. R. Co., OK CIV APP 17, 738 P.2d at 954, the new statutory framework created a different process taking autonomy away from state courts, see State of South Carolina v. Moore, 447 F.2d at 1073. See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 371 (1988)("Statutory construction, however, is a holistic endeavor. A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme[.]").  The great bulk of reported cases are consistent with this interpretation.  See 38 A.L.R. Fed. 824 (listing state cases holding that state courts "could not ignore allegedly deficient removal petitions"); 14C Wright & Miller, supra, § 3736.

Second, any other rule is fraught with problems.  Proceedings occurring in two jurisdictions can lead to mischief.  A state court may disagree with a federal court whether a removal notice is "frivolous on its face," creating the possibility of wasteful litigation in state court or unfairness to parties entitled to removal.  Tr. at 15:12-17 (Montano).  State courts would ultimately develop a body of removal law as they defined "frivolous" in numerous cases before

them.  The federal district court -- not the state court -- is the one that must determine federal jurisdiction.  See Lundahl v. Halabi, 600 F. App'x 596, 604-05 (10th Cir. 2014)("[E]ven if the district court lacked subject-matter jurisdiction over the case, it and it alone could decide that such was the law.  It and it alone necessarily had jurisdiction to decide whether the case was properly before it.")(quotation omitted).  It would be odd indeed that the Court of Appeals cannot review a district court's remand order, and the district court cannot review its own remand order,[15] but there is a state court that can second-guess the federal district court.

Third, Fannie Mae's cited cases within this Circuit are unconvincing.  Maggio Enterprises, Inc. v. Hartford Casualty Insurance Co. addressed only attempts to amend a removal notice rather than a new removal notice.  See 132 F. Supp. 2d at 931.  In Direct Mortgage Corp. v. Keirtec, Inc., the use of a simple bright-line rule would have resolved the problem that the court was attempting to solve.  See 478 F. Supp. 2d at 1341.  To remove a case, a defendant must "give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court."  28 U.S.C. § 1446(d).  If the state court in Direct Mortgage Corp. v. Keirtec, Inc. had known to immediately cease proceedings, the defendant would not have been able to

---

[15]The parties normally cannot appeal an order remanding a case to state court.  Section 1447(d) of Title 28 of the United States Code prohibits a court from reviewing a remand order "on appeal or otherwise."  28 U.S.C. § 1447(d).  "This prohibition extends to the court reviewing its own remand orders, as well as to appellate courts reviewing the district court's orders."  New Mexico Ctr. on Law & Poverty v. Squier, No. CIV 14-0983 JB/KK, 2014 WL 6065718, at *1 (D.N.M. Nov. 5, 2014)(Browning, J.).

> According to the express language of Section 1447(d) of Title 28, a district court's order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise. As the numerous citations in the notes below indicate, this rule has been applied by the Supreme Court, the courts of appeal, and innumerable district courts.

14C Wright & Miller, supra, § 3740 (footnotes omitted).  The Tenth Circuit has allowed appeals, however, challenging specific filing restrictions that district courts impose.  See Keyter v. 535 Members the 110th Congr., 277 F. App'x at 825; Winslow v. Hunter, 17 F.3d at 315.

exploit the parallel proceedings to gain an unfair advantage.  See Browning v. Am. Family Mut. Ins. Co., No. 08-CV-02317MSK-BNB, 2008 WL 5352064, at *1 (D. Colo. Dec. 17, 2008)(Krieger, J.)("The purpose behind 28 U.S.C. § 1446(d) is to divest the state court of jurisdiction and to give notice to the state court that it must take no further action on the case."). A failure to inform the state court would allow the state court to retain jurisdiction.  See 28 U.S.C. § 1446(d); Medrano v. State of Tex., 580 F.2d 803, 804 (5th Cir. 1978)("[T]here was no notice to the state court judge until the state received the order to show cause.  Therefore, until that time, the state court retained jurisdiction and appellant's trial was not void.").[16]  But see Berberian v. Gibney, 514 F.2d 790, 792-93 (1st Cir. 1975)(holding that both state courts and federal courts had jurisdiction between removal notice and notification to state court).

Finally, courts can use their inherent authority to mitigate this rule's harmful effects.  The Court recognizes that defendants may abuse the bright-line rule to "repeatedly file notices of removal and endlessly delay state court proceedings," much as Milasinovich is doing in this case. Farm Credit Bank of St. Paul v. Rub, 481 N.W.2d at 457.  The Court does not condone in any way Milasinovich's attempt to avoid Judge Singleton's scheduled status conference by filing a meritless removal notice.  See Singleton Order at 3-4; Second Notice of Removal at 1.  It concludes, however, that the federal courts have sufficient procedural tools to prevent abusive litigation from becoming a systemic problem.  See Keyter v. 535 Members the 110th Congr., 277 F. App'x 825 (10th Cir. 2008)("Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate activities of abusive litigants by imposing carefully tailored restrictions if circumstances warrant.").  As discussed in greater detail below, the Court will impose fees, costs,

---

[16]The Court recognizes that the Fifth Circuit applied a presumption that attorneys provided notice to the state court in Dukes v. S. Carolina Ins. Co., 770 F.2d 545 (5th Cir. 1985). That presumption, however, applied only to "officers of the court" -- not vexatious pro se litigants.  770 F.2d at 547.

and filing restrictions on Milasinovich. These restrictions will make it difficult for Milasinovich to remove this case again. See Garrett v. Cook, 652 F.3d at 1254. If a litigant continues his or her course of abusive litigation, the Court also has the ability to hold the litigant in civil contempt. See 18 U.S.C. § 401.

The Court will deny Fannie Mae's request that it strike Milasinovich's removal notices. As Fannie Mae recognizes, the Court may only strike "material included in a pleading," excluding motions, briefs, memoranda, objections, and affidavits. Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps., 2009 WL 5210498, at *1. Although some courts have decided that a court can strike a removal notice, see Borough of Olyphant v. Pennsylvania Power & Light Co., 269 F. Supp. 2d 601, 601 (M.D. Pa. 2003)(Munley, J.)(granting the defendant's "Motion to Strike Notice of Removal"), the Court concludes that a removal notice is a notice, not a pleading, as the Federal Rules of Civil Procedure define the term. See Fed. R. Civ. P. 7(a) (omitting notices from the definition of "pleading"). The Court should not ignore a notice of removal or strike it, but deal with it directly, imposing consequences if necessary. Striking it inaccurately suggests that it has no effect. The notices exist, and the responsible federal court must deal with them, not just ignore them. The Court cannot just turn a blind eye to what the state court is doing -- threatening the jurisdiction that Congress has provided to the federal courts -- not the state courts -- to determine whether the case will be litigated. While the Court could probably, with raw judicial power, strike it, the Court will follow rule 7(a)'s plain language, which must be construed like a statute. See Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc., 498 U.S. 533, 540 (1991); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 515 (2002); Cabot v. Wal-Mart Stores, Inc., No. CIV 11-0260 JB/RHS, 2012 WL 1378529, at *7

(D.N.M. April 10, 2012)(Browning, J.)(describing "the plain language of the applicable federal rules").

## II.   THE COURT DOES NOT HAVE MANDAMUS AUTHORITY OVER THE STATE COURT.

Milasinovich asks that the Court "order the state court to vacate any rulings that may issue as a result of activities in the state court after July 20, 2015." Mandamus Petitions at 4. She contends that, "since it would be inappropriate to file a civil rights action against Judge Singleton at this stage, the extraordinary peremptory writ of mandamus is the correct method for the Federal Court to act." Mandamus Petitions at 2.

The Court does not attempt to use any mandamus authority here. The Court does not review state district courts' decisions or give them orders. It does not have mandamus authority over Judge Singleton or any other state official. See Amisub (PSL), Inc. v. Colo. Dep't of Soc. Servs., 879 F.2d at 790 ("No relief against state officials or state agencies is afforded by § 1361."); Stevens v. Sheriff of El Paso County, Colo., 15 Fed. App'x at 742 ("Section 1361 by its terms is limited to actions 'to compel an officer or employee of the United States or any agency thereof to perform a duty.'").

The Court has the authority to vacate orders that the state court entered here because the federal court has sole jurisdiction over the proceedings after removal. See Fed. R. Civ. P. 60(b) ("[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . the judgment is void."); In re Diet Drugs, 282 F.3d at 232 n.6 ("Thus, even if a case is later remanded, it is under the sole jurisdiction of the federal court from the time of filing until the court remands it back to state court."); Moore v. Interstate Fire Ins. Co., 717 F. Supp. 1193, 1195 (S.D. Miss. 1989)(Lee, J.)("[O]nce the case is properly removed, the federal court acquires full and exclusive jurisdiction over the case as though it had

been originally commenced in the federal court.").  Indeed, federal courts may re-examine state court decisions -- while the case is in federal court -- even if they predate the removal notice. See 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." (emphasis added)).  In Laney ex rel. Laney v. Schneider Nat. Carriers, Inc., 259 F.R.D. 562 (N.D. Okla. 2009)(Wilson, M.J.), for example, the magistrate judge explained that "[a] prior state court order in essence is federalized when the action is removed to federal court, although the order remains subject to reconsideration just as it had been prior to removal."  259 F.R.D. at 564 (quotation omitted).  It added that "a federal court is free to reconsider a state court order and to treat the order as it would any interlocutory order it might itself have entered."  259 F.R.D. at 564.

## III.   MILASINOVICH'S REMOVAL NOTICES ARE UNTIMELY, SO THE COURT WILL GRANT FANNIE MAE'S MOTION TO REMAND.

Milasinovich did not file her removal notices within the time limits that 28 U.S.C. § 1446 sets forth.  Even if she had filed in a timely manner, her argument for diversity jurisdiction still lacks merit.  Milasinovich's removal notices are thus untimely and defective.

### A.   MILASINOVICH'S REMOVAL NOTICES VIOLATE THE DEADLINES THAT 28 U.S.C. § 1446 SETS FORTH.

Milasinovich's removal notices violate the deadlines that 28 U.S.C. § 1446 sets forth. "The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand" -- not striking them or ignoring them. Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1077 (10th Cir. 1999)(quoting Snapper, Inc. v. Redan, 171 F.3d 1249, 1253 (11th Cir. 1999)).

The removal procedure statue provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).  Fannie Mae initiated this action on December 14, 2009.  See Complaint at 1.  Milasinovich missed this deadline by filing her latest removal notices between June and July of 2015.  See Second Notice of Removal at 1; Second Amended Notice of Renewal at 1. The statute provides an exception, however, where the suit was not immediately removable:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68-69 (1996)("In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements . . . may remove the case to federal court within 30 days of receiving such information.").  Milasinovich seems to argue that her removal notices were timely under this provision because Fannie Mae's entry into the case made the case removable for the first time.  See Tr. at 19:7-20:9 (Milasinovich).  This argument suffers from two flaws.  First, Fannie Mae entered the case on Aurora Loan Services, Inc.'s behalf "as early as May of 2013," and Milasinovich was aware of its appearance by May 17, 2013.  Armijo MOO at 13.  She did not file the most recent set of removal notices until more than two years later, well outside the thirty-day period that 28 U.S.C. § 1446(b)(3) allows.

Even if the Court concluded that diversity jurisdiction existed, removal would fail, because 28 U.S.C. § 1446(c) requires removal within "1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a

defendant from removing the action."  28 U.S.C. § 1446(c).  Although Milasinovich frequently

invokes bad faith, she has not argued that Fannie Mae somehow prevented her from realizing

that the federal courts would have diversity jurisdiction.  See Armijo MOO at 16 ("There is no

allegation, much less any evidence, to indicate that Plaintiff acted in bad faith in order to prevent

removal.").  Milasinovich thus has no valid grounds for removal on the basis of diversity

jurisdiction.

### B.    EVEN IF MILASINOVICH'S MOTIONS WERE TIMELY, THE COURT WOULD LACK JURISDICTION.

Milasinovich appears to argue that her removal notices are based on diversity

jurisdiction.  See Second Amended Notice of Removal at 3-4.  Chief Judge Armijo addressed

this assertion in the Armijo MOO:

> Turning to the question of diversity jurisdiction, the Court notes that "[a] federal
> court's jurisdiction must clearly appear from the face of a complaint or removal
> petition."  Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972).  Ms.
> Milasinovich's removal petition fails to contain any factual allegations regarding
> the citizenship of the parties.[17]  [See Doc. 1]  Although the *Complaint for
> Foreclosure* [Doc. 1-1] alleges that "AURORA is a foreign corporation" and that
> Ms. Milasinovich and Ms. Jacques "reside in Santa Fe, New Mexico," it is well
> established that "allegations of mere 'residence' may not be equated with
> 'citizenship' for the purposes of establishing diversity."  Id.
>
> The Court recognizes that Ms. Milasinovich has supplemented her notice of
> removal with the following factual allegations:
>
>> AURORA is a foreign corporation with a foreign domicile located
>> in Co.  Diversity exists at the time of removal because FEDERAL
>> NATIONAL MORTGAGE ASSOCIATION is a federal bank
>> domiciled in the District of Columbia as a non U.S. Citizen;
>> LEHMAN BROS BANK FSB is a non U.S. Citizen with a foreign
>> domicile in DE; NATIONSTAR is a non U.S. Citizen operating as
>> a non U.S. Citizen with a foreign domicile in TX; Triad Guaranty
>> is a non U.S. Citizen with a domicile in NC; Counter-Plaintiff is
>> identified as a federal address with a foreign domicile. All parties
>> are diverse.

---

[17]Milasinovich did not fix this issue in her more recent removal notices.  See Second
Notice of Removal at 1; Second Amended Notice of Removal at 1.

[Doc. 21 at 13]  Although these allegations may be sufficient with respect to Aurora Loan Services, Plaintiff, and Lehman Brothers, Bank FSB, who were parties to the action at the time of removal, they are insufficient with respect to Ms. Milasinovich and Ms. Jacques because they fail to allege the state in which Ms. Milasinovich has her "foreign domicile" and fail to mention the domicile of Ms. Jacques altogether.  See Johnston v. Cordell Nat. Bank, 421 F.2d 1310, 1312 n.1 (10th Cir. 1970)("For purposes of jurisdiction of Federal District Courts on the grounds of diversity of citizenship, the terms 'domicile' and 'citizenship' are synonymous.").   Accordingly, the Court cannot conclude that diversity jurisdiction exists.

Armijo MOO at 13-15.  Chief Judge Armijo also noted that

To the extent that information regarding the "residence" of Ms. Milasinovich and Ms. Jacques indicates that they are citizens of the state of New Mexico, the Court notes that, pursuant to 28 U.S.C. § 144l(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed <u>if any of the parties in the interest properly joined and served as defendants is a citizen of the State in which such action is brought.</u>"

Armijo MOO at 15 n.3 (emphasis added).   Despite having Chief Judge Armijo's opinion, Milasinovich did not add allegations that the parties were citizens of different states to her removal notice.   See Second Notice of Removal at 1-2.   The Court agrees with Chief Judge Armijo's conclusions on these points and concludes that it does not have diversity jurisdiction.

Chief Judge Armijo also pointed out potential problems with a federal-question jurisdiction argument:

Plaintiffs *Complaint For Foreclosure* [Doc. 1-1] does not raise any claims "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Although Ms. Milasinovich has attempted to raise a variety of federal claims and defenses in *Certain Defendant's-Counter-Plaintiff's Memorandum Supporting Motion to Strike and in Opposition to Plaintiff's Notice of and Motion for Remand and Action for Abatement Verified and Judicial Notice* [Doc. 21], *Amended Motion for Declaratory Judgment* [Doc. 29], and *Amended Complaint for Article III Injury in Fact For Lack of Standing, False Claims, Negative Averment, Negligence, Damages and Claims to the Minor Account 31 CFR 363.27(f)(1-4)* [Doc. 36], these claims and defenses are insufficient to invoke federal question jurisdiction.   See Topeka Hous. Auth. [v. Johnson, 404 F.3d 1245, 1247 (10th Cir. 2005)] (noting that "a case may not be removed to federal court solely because of a defense or counter-claim arising under federal law").

> Although the issue was not raised or briefed by the parties, the Court recognizes that some jurisdictions have held that Plaintiffs' federal charter confers federal question jurisdiction over claims brought by or against Plaintiff.  See Lightfoot v. Cendant Mortgage Com., 769 F.3d 681, 682 (9th Cir. 2014) (holding that the sue-and-be-sued clause in Plaintiff's federal charter "confers federal question jurisdiction over claims brought by or against" Plaintiff); Pirelli Armstrong Tire Com. Retiree Med. Benefits Trust v. Fed. Nat'l Mortgage Assoc., 534 F.3d 779, 788 (D.C. Cir. 2008) (holding that the sue-and-be-sued clause in Plaintiff's federal charter "confers federal subject-matter jurisdiction"); but see Rincon Del Sol, LLC v. Lloyd's of London, 709 F. Supp. 2d 517, 525 (S.D.Tex. 2010) (holding that Plaintiff's "charter does not work to confer original subject matter jurisdiction upon the Court").  The courts of the Tenth Circuit have not yet had an opportunity to address this issue.

Armijo MOO at 12 (footnote omitted).  The Court agrees that Milasinovich's defenses fail -- by themselves -- to provide federal-question jurisdiction.  The Court need not reach the merits of Fannie Mae's federal charter issue, because she has not raised that issue in her removal notices or in any of her other pleadings.[18]  She has relied on diversity jurisdiction.  See Second Notice of Removal at 1-2.  She cannot change her basis for jurisdiction at this late stage.  See De La Rosa v. Reliable, Inc., 113 F. Supp. 3d 1135, 1158 (D.N.M. 2015)(Browning, J.); Thompson v. Intel Corp., No. CIV 12-0620 JB/LFG, 2012 WL 3860748, at *7 (D.N.M. Aug. 27, 2012)(Browning, J.); Zamora v. Wells Fargo Home Mortgage, 831 F. Supp. 2d 1284, 1293 (D.N.M. 2011)(Browning, J.)("A defendant may not normally cure a defective notice of removal by asserting a new basis of jurisdiction not contained in the original notice of removal.").

---

[18]Although the Court need not decide this issue, it concludes that the Honorable Sidney Stein, United States District Judge for the Southern District of New York, has taken the more convincing position in his dissent in Lightfoot v. Cendant Mortgage Com.  See 769 F.3d at 690.  Fannie Mae's sue-and-be-sued clause contains the phrase "of competent jurisdiction," and the majority's interpretations, which confer federal-question jurisdiction over all claims brought by or against Fannie Mae, render the phrase superfluous.  769 F.3d at 690.  Moreover, the phrase suggests that the courts must "look to outside sources of jurisdictional authority."  769 F.3d at 692 (quotation omitted).  Finally, courts have interpreted other statutes with similar language to require an alternative basis for jurisdiction.  See 769 F.3d at 692-93.  Thus, the Court does not have federal-question jurisdiction over the case.

IV.     **THE COURT WILL DENY MILASINOVICH'S MOTION TO STRIKE AND MOTION TO ENJOIN, BUT WILL LEAVE THE OTHER ISSUES FOR THE STATE COURT TO DECIDE.**

Milasinovich's filings request various other forms of relief.  Her Motion to Enjoin asks that the Court "[e]njoin the UNITED STATES as an indispensible party to the herein above captioned case."  Motion to Enjoin at 1.  The Court denies this request to the extent that it requests any sort of injunction against the United States, because Milasinovich has presented no supporting argument for such an injunction.  Although the word "enjoin" suggests an injunction, the rest of the Motion to Enjoin suggests that Milasinovich seeks to have the Court add the United States to the case.  Milasinovich's reference to an "indispensible party" tracks the language in the pre-1966 version of rule 19 of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 19 advisory committee's notes (explaining that the old rule "was defective in its phrasing and did not point clearly to the proper basis of decision").  The Court could also construe the Motion to Enjoin as a request that it join the United States as a party under rule 19(a).  The Court will not reach this issue, however, because it is not accepting jurisdiction.[19]

Milasinovich also requests that the Court "review the removed case in the nature of a bill of exception."  Second Amended Removal Notice at 8.  A bill of exception is a list of objections to a judge's decision "setting forth the proceedings on the trial, the opinion or decision given, and the exceptions taken thereto, and sealed by the judge in testimony of its correctness." Almarez v. Carpenter, 347 F. Supp. 597, 602 (D. Colo. 1972)(Winner, J.).  Bills of exceptions no longer appear in federal procedural rules.  See Fed. R. App. P. 10(a) (describing the

_____

[19]Even if the Court could add parties before remanding the case, it does not believe that the United States is a required party to this action under rule 19.  The United States' absence will not prevent any court from "accord[ing] complete relief among existing parties," and the United States does not "claim[] an interest relating to the subject matter of the action."  Fed. R. Civ. P. 19.

- 53 -

"composition of the record on appeal").  Even if the Court understood exactly what Milasinovich was requesting that it do, it cannot and should not review the state court's substantive decisions in the same manner that the Court of Appeals of New Mexico would review them.  See Amisub (PSL), Inc. v. Colo. Dep't of Soc. Servs., 879 F.2d at 790.  Milasinovich can appeal to the Court of Appeals of New Mexico -- not to the federal court.

The Court will deny Milasinovich's various requests to strike Fannie Mae's briefing.  See Motion to Strike at 1; Notice to Strike, filed September 2, 2015 (Doc. 16).  Rule 12(f) allows the Court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Fannie Mae's Motion and Reply are not pleadings.  See Applied Capital, Inc. v. Gibson, 2007 WL 5685131, at *18; In Estate of Anderson v. Denny's, Inc., 2013 WL 690809, at *12.  They contain legal arguments, many of them valid and correct, rather than any "redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

The state court -- not this Court -- should address Milasinovich's other requests, including an "injunction for equitable relief against any person coming at the cestui que trust"[20] and "estoppel to ban anyone coming against the Defendant's estate."  Second Amended Removal Notice at 8.  The Court has not accepted jurisdiction, and in any case, these issues appear to go to the merits of Milasinovich's dispute.

---

[20]Merriam-Webster Online defines cestui que trust as "a person who has the equitable and beneficial interest in property[,] the legal interest in which is vested in a trustee."  Merriam-Webster, Definition of cestui que trust, http://www.merriam-webster.com/dictionary/cestui%20que%20trust (last visited March 26, 2016).

## V.    THE COURT WILL GRANT FANNIE MAE ATTORNEY'S FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(c).

The Court will grant Fannie Mae's request for fees and costs, because Milasinovich lacks an objectively reasonable basis for removal.  The removal statute permits the Court to "require payment of just costs and actual expenses including attorney's fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."  Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1, 607 F.3d 1251, 1253 (10th Cir. 2010)(citing Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)).

The Court is on firm ground in imposing sanctions.  "A defendant's untimeliness in filing his notice of removal is 'precisely the type of removal defect contemplated by § 1447(c).'"  Garrett v. Cook, 652 F.3d 1249, 1254 (10th Cir. 2011)(quoting Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 128 (1995)).  "Where, as here, a litigant's decision to remove comes years late and appears to have been spurred by a desire to avoid an adverse state-court ruling, no objectively reasonable grounds for removal exists."  Garrett v. Cook, 652 F.3d at 1254 (internal quotation and citation omitted).  Milasinovich has no reasonable grounds for removal.

Milasinovich's decision to disregard Chief Judge Armijo's opinion and remand order is telling.  The Armijo MOO left no doubt that Milasinovich's "notice of removal was patently untimely because it was filed more than four years after the commencement of litigation and more than one year after the appearance of Plaintiff as a party."  Armijo MOO at 16. Milasinovich thus knew that her original removal notice "lacked an objectively reasonable basis."  Armijo MOO at 16.  As the Court observed in a similar case in 2005, "[t]he filing of this suit after a court within this district already determined the issue of personal jurisdiction

indicates the Clarks' willingness to abuse the Court's judicial process in hopes of achieving a personal pecuniary benefit."  Clark v. Meijer, Inc., 376 F. Supp. 2d at 1086.  Milasinovich is either confused or litigating in bad faith in an effort to harm her opponents.  The Honorable David T. Thuma, United States Bankruptcy Judge for the District of New Mexico, remarked in earlier bankruptcy proceedings that Milasinovich's "filings show a disregard for the Court, the law, civil procedure, intelligent discourse, and common decency."  In re Milasinovich, No. 11-13-12294 TA, 2014 WL 1419558, at *2 (Bankr. D.N.M. Apr. 11, 2014)(Thuma, J.)("Thuma MO").

## VI.   THE   COURT   WILL   IMPOSE   REASONABLE   LIMITATIONS   ON MILASINOVICH'S ABILITY TO MAKE FURTHER FILINGS.

Filing restrictions are appropriate "where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented."  Keyter v. 535 Members of 110th Cong., 277 F. App'x at 827. This matter satisfies all three conditions.  Milasinovich has received strongly worded rebukes for making meritless arguments from two prior federal judges and one state judge.  See Singleton Order at 10; Armijo MOO at 16-17; Thuma MO at *2.  She has filed many documents in this matter alone that are very difficult, if not impossible, to understand.[21]  The Court will provide

---

[21]See, e.g., Notice Conflict and Variance of Law, filed September 2, 2015 (Doc. 15); Notice to Strike, filed September 2, 2015 (Doc. 16); Objection, filed September 2, 2015 (Doc. 17); Writ in the Nature of an Affidavit, filed September 2, 2015 (Doc. 18); Reply to Plaintiff's Non Response Doc. 11, filed September 2, 2015 (Doc. 19); Motion to Strike Doc. 22 Plaintiff's Reply as Moot and for Sanctions against Mr. Montano, filed October 1, 2015 (Doc. 25); Memorandum & Authorities Supporting Defendant's Motion to Strike Doc. 22 Plaintiff's Reply as Moot and for Sanctions against Mr. Montano, filed October 1, 2015 (Doc. 26); Reply to Response to Motion to Strike Doc. 22 as Moot and for Sanctions (Doc. 25), filed October 26, 2015 (Doc. 28); Writ of Error and Judicial Notice to District Court Judge, filed October 27, 2015

guidelines setting out how Milasinovich may obtain its permission to make additional filings, and she will receive an opportunity to oppose the restrictions before they are implemented.

Despite Chief Judge Armijo's decision, which was filed more than one year before the current suit, Milasinovich has chosen to make essentially the same arguments to the Court.  See Armijo MOO at 1.  As in Clark v. Meijer, Inc., her persistence is evidence of "an attempt to harass [her opponents] and to cause a needless increase in the cost of litigation for a matter that other courts have already adjudicated[.]"  376 F. Supp. 2d at 1086.  She has "abused the privileges granted [her]," making filing restrictions appropriate.  Depineda v. Hemphill, 34 F.3d at 948.

Defendant Melanie Milasinovich is hereby notified of the following proposed filing restrictions:

Milasinovich will be enjoined from making further filings in federal court in this case except objections to this order and a notice of appeal from a final order, and the Clerk of the Court will be directed to return without filing in federal court any submissions in this case other than objections to these filing restrictions and a notice of appeal of these filing restrictions. Milasinovich will also be enjoined from initiating further actions in this Court related to the subject matter of this complaint or asserting claims against Fannie Mae unless a licensed attorney admitted to practice in this Court signs the initial pleading or unless Milasinovich first obtains permission to proceed pro se.  To obtain permission to proceed pro se, Milasinovich must take the following steps:

1.    File a petition requesting leave to file a complaint or to proceed pro se;

2.    Include in or with the petition the following:

---

(Doc. 30); Amended Writ of Error and Judicial Notice, filed November 5, 2015 (Doc. 31); Judicial Notice, filed November 17, 2015 (Doc. 33).

A.   A list of all lawsuits currently pending or filed previously with the Court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the case;

B.   A list of all outstanding injunctions or orders limiting Milasinovich's access to federal court, including orders and injunctions requiring her to seek leave to file matters pro se or requiring her to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and

C.   A notarized affidavit, in proper legal form, which recites the claims Milasinovich seeks to present, including a short discussion of the legal basis asserted therefor. The affidavit also must certify that, to the best of Milasinovich's knowledge, the claims being raised are not frivolous or made in bad faith, but are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the complaint is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation; and that she will comply with all federal and local rules of this court.

The Clerk of the Court shall forward these documents to the Chief United States Magistrate Judge for review to determine whether to permit a pro se original proceeding. Without the Chief Magistrate Judge's approval, and the concurrence of the assigned Article III Judge, the Court will not initiate the action. If the Chief Magistrate Judge approves the filing, he or she shall enter an order indicating that the new proceeding shall proceed in accordance with the Federal Rules of Civil Procedure.

Milasinovich shall have ten days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. If Milasinovich does not file objections, the sanctions shall take effect twenty days from the date of this order. The filing restrictions shall apply to any matter filed after that time. If Milasinovich timely files objections, these sanctions shall not take effect until the Court has ruled on the objections.

**IT IS ORDERED** that: (i) the Exigent Amended Notice for Removal and Objection to the State Court Hearing, filed July 23, 2015 (Doc. 4) is granted in part and denied in part; (ii) Plaintiff Federal National Mortgage Association's Motion to Strike or Remand and for Award of

Additional Sanctions, filed August 19, 2015 (Doc. 11) is granted in part and denied in part; and

(iii) the Petition for Writ of Mandamus, filed July 31, 2015 (Doc. 9), the Amended Petition for

Writ of Mandamus, filed August 3, 2015 (Doc. 10), the Motion to Strike, filed September 2,

2015 (Doc. 13), and the Notice of Motion and Motion to Enjoin the United States, filed January

21, 2016 (Doc. 52) are denied.  The Court: (i) vacates any orders that the state court entered after

Milasinovich filed her removal notices; (ii) remands the case to the First Judicial District, State

of New Mexico; (iii) grants Plaintiff Federal National Mortgage Association's request for fees

and costs; and (iv) imposes filing restrictions on Defendant Melanie Milasinovich as set out

above.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Larry J.  Montano
Julia Broggi
Holland & Hart LLP
Santa Fe, New Mexico

    *Attorneys for Plaintiff Aurora Loan Services, LLC*

Joshua A. Spencer
Murr Siler and Accomazzo, PC
Albuquerque, New Mexico

-- and --

Larry J.  Montano
Little West
Holland & Hart LLP
Santa Fe, New Mexico

    *Attorneys for Plaintiff Federal National Mortgage Association*

Melanie Milasinovich
Santa Fe, New Mexico

*Defendant pro se*