IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, successor in interest to
AURORA LOAN SERVICES, LLC,

      Plaintiff,

v.                                                    15cv627 JB/WPL

MELANIE MILASINOVICH; SUSAN
JACQUES; LEHMAN BROTHERS BANK
FSB; ABC CORPORATIONS I-X; JOHN
DOES I-X; XYZ PARTNERSHIPS I-X; THE
UNKNOWN HEIRS AND DEVISEES OF
ANY OF THE ABOVE, IF DECEASED,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Plaintiff Federal National Mortgage Association ("Fannie Mae") filed a Motion for Order to Show Cause seeking a civil contempt sanction against pro se defendant Melanie Milasinovich. (Doc. 68.) Milasinovich filed two documents that I construe as responses—a Petition for Leave and a Notice for [A]batement. (Docs. 69, 70.) Fannie Mae filed a reply. (Doc. 73.)

This case has a lengthy factual and procedural history. (*See* Doc. 63 at 2-14.) I assume the parties are familiar with it and do not repeat it here.

Fannie Mae alleges that sanctions are warranted because of two impermissible filings. The first was an affidavit that opened a miscellaneous civil case after the Court issued "an oral ruling" during a telephonic hearing on November 18, 2015. (*See* Doc. 68 at 2.) The second was a

notice of removal filed after the Court entered a Memorandum Opinion and Order ("MOO") on March 30, 2016. (*See id.* at 2-4.)[1] I address each filing individually.

The telephonic hearing addressed Fannie Mae's Motion to Strike or Remand and For Award of Additional Sanctions (Doc. 11), Milasinovich's motion to strike the motion to remand (Doc. 13), and Milasinovich's motion to strike Fannie Mae's reply (Doc. 25). (*See* Doc. 32.) The docket does not contain clerk's minutes from the hearing, but the MOO details the proceedings and quotes from the hearing transcript. (*See generally* Doc. 63 at 11-14.)

The MOO states that the Court heard arguments and then told the parties its "inclination"—it would "grant the motion to remand" and "try to craft some limitations on Ms. Milasinovich's ability to file further remand petitioners [sic] in this Court." (*Id.* at 14 (citing Tr. at 24:1-26:2, 25:11-16).) The MOO notes that the Court "sketched out the boundaries of these limitations" (Doc. 63 at 14) and suggested to the parties that:

> For example, if she has other cases that she needs or wants to bring in Federal Court, she can do that, but not this case. She can't remove it to Federal Court without perhaps the chief magistrate judges, her going to the magistrate judge and seeing if she can file that document.

(*Id.* (citing Tr. at 25:17-23).)

Two months after the telephonic hearing, Milasinovich filed a new case—*In Re Melanie Milasinovich*, No. 1:16-mc-00023-RB (D.N.M. Jan. 15, 2016)—attempting to combine all of her pending cases into one proceeding. Fannie Mae suggests that the filing violated the "oral ruling enjoining Ms. Milasinovich from further federal court filings." (Doc. 68 at 2.)

---

[1] Fannie Mae's introductory paragraph in the Motion for Order to Show Cause does not cite Milasinovich's actions after the telephonic hearing as a reason for sanctions. (*See* Doc. 68 at 1.) But later in the Motion, Fannie Mae states that the Court enjoined Milasinovich from further filings at the telephonic hearing (*see id.* at 2), which implies that Milasinovich violated an oral ruling. I address the implication.

2

Filing the new case did not violate an oral ruling because there was no oral ruling. The words and phrases the Court used at the telephonic hearing were in the future tense and indefinite. For example, the phrases "try to craft some limitations" and "sketched out" do not suggest that the Court issued binding prohibitions. (Doc. 63 at 14.)

Footnote 8 in the MOO further supports that there was no oral ruling. It notes that "Milasinovich continued to make voluminous filings after the hearing," but that "Milasinovich's arguments and filings are either not relevant to the Motion or wholly without merit." (Doc. 63 at 14, n.8.) It seems unlikely that the Court would consider the merits of filings that violated the Court's oral ruling.

Fannie Mae's second request for sanctions implicates the two "proposed filing restrictions" in the MOO: (1) "Milasinovich will be enjoined from making further filings in federal court in this case except objections to this order and a notice of appeal from a final order"; and (2) "Milasinovich will also be enjoined from initiating further actions in this Court related to the subject matter of this complaint or asserting claims against Fannie Mae unless a licensed attorney admitted to practice in this Court signs the initial pleadings or unless Milasinovich first obtains permission to proceed pro se." (*Id.* at 57.)

The MOO gave Milasinovich "ten days from the date of this order to file written objections," but stipulated "[i]f Milasinovich does not file objections, the sanctions shall take effect twenty days from the date of this order." (*Id.* at 58.) A review of the docket reveals that Milasinovich did not file objections. The sanctions, then, took effect on April 19, 2016—twenty days from March 30, 2016, the date of the MOO.

Fannie Mae argues that Milasinovich violated the filing restrictions in the MOO by filing a removal notice on April 26, 2016, in 1:16-mc-00025-MV—a miscellaneous civil case opened

on February 10, 2016. (*See* Doc. 68 at 3-4.) The first filing in the miscellaneous case was an incomprehensible document with the following docket title: "bill in equity actual notice for non-civil-non-contentious private contract for title by RE017699808us-01 Trust." *In Re RE017699808us-01 Trust*, No. 1:16-mc-00025-MV, (D.N.M. Feb. 10, 2016), Doc. 1.

I do not agree with Fannie Mae that Milasinovich violated the MOO by filing the notice of removal. The MOO prohibited Milasinovich from (1) entering new filings in this case, and (2) initiating an entirely new case or new claims—it did not prohibit her from filing a notice of removal in a separate, pending case. Because Milasinovich filed her "initial pleading" on February 10, 2016—which predates the effective date of the sanctions on April 19, 2016—she did not violate the prohibitions in the MOO.

Reaching the opposite conclusion and agreeing with Fannie Mae that Milasinovich's notice of removal violated the MOO requires a broad reading of the following phrases in the first clause of the second prohibition: "initiating further actions" and "asserting claims." One could argue, perhaps, that Milasinovich initiated a further action by filing the notice of removal.

When read in context, however, these phrases do not reach the notice of removal because the last clause in the second prohibition—"unless a licensed attorney admitted to practice in this Court signs the initial pleadings or unless Milasinovich first obtains permission to proceed pro se" (Doc. 63 at 57)—modifies the first clause and indicates that the Court was addressing entirely new cases. Two phrases in particular—"initial pleadings" and "permission to proceed pro se"—indicate that the second prohibition does not apply retroactively to previously filed cases. Milasinovich had already filed her "initial pleading" in *In Re RE017699808us-01 Trust* and was already proceeding pro se.

I recognize that my interpretation of the MOO is at odds with the Court's statement during the telephonic hearing that it "will try to craft some limitations on Ms. Milasinovich's ability to file further remand petitioners [sic] in this Court." (Doc. 63 at 14 (citing Tr. at 25:11-16).) But a plain text reading of the MOO reveals that it is inapplicable to the circumstances at issue here, and sanctions against Milasinovich are not warranted. I recommend that the Court deny Fannie Mae's Motion for Order to Show Cause. (Doc. 68.)

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

                                                */s/ William P. Lynch*
                                                William P. Lynch
                                                United States Magistrate Judge